898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James FITE, Plaintiff-Appellant,
v.
Alton HESSON, Acting Warden; Ray Hatfield; Turney Center
Hospital Staff; Tennessee Department of
Corrections; State of Tennessee,
Defendants-Appellees.
 No. 89-6413.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Fite moves for counsel, for pauper status, to amend the complaint, and for an injunction on appeal from the district court's order dismissing this prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The defendants have filed a response to the motion for an injunction. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fite is a prisoner at the Turney Center in Only, Tennessee. The defendants are the State of Tennessee, the Tennessee Department of Corrections, and various prison officials. In his complaint, Fite alleged that he received inadequate medical care for his colon and dental problems. He requested injunctive relief and damages. His complaint did not specify whether he sued the prison officials in their individual capacities. The district court dismissed the complaint sua sponte because the facts showed only negligence, not deliberate indifference.
 
 
 3
 Sua sponte dismissal of a civil rights case is proper if the complaint is frivolous. 28 U.S.C. Sec. 1915(d) (1982). A complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). An example of a case lacking an arguable basis in law is a case which involves an immunity defense. 109 S.Ct. at 1833. The district court can also pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. 109 S.Ct. at 1833.
 
 
 4
 Here the suit against the State of Tennessee and the Tennessee Department of Corrections lacks an arguable basis in law because the state and its agency are immune from suit under the eleventh amendment. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The claim for damages against the prison officials is also barred as a matter of law. Where the face of the complaint does not indicate that a suit is against officers in their individual capacities, the suit is deemed to be against the officers in their official capacities. Wells v. Brown, No. 88-2161 (6th Cir. Dec. 12, 1989) (1989 U.S.App. LEXIS 18754). State officers acting in their official capacities are not persons under section 1983 and cannot be sued for damages under that statute. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311 (1989). Therefore, the action for damages against the prison officials also lacks an arguable basis in law.
 
 
 5
 Fite's request for injunctive relief against the officials is not barred by the rule in the Will case because an official capacity action for injunctive relief is not treated as an action against the state. Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Ex parte Young, 209 U.S. 123, 159-60 (1908). Therefore, this panel must reach the merits of the case in order to decide the injunction issue.
 
 
 6
 The general rule is that deliberate indifference to a serious medical need does violate the eighth amendment prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). But a complaint that a physician has been negligent in diagnosing or treating a condition is not sufficient. 429 U.S. at 106.
 
 
 7
 Here Fite was seen repeatedly by prison doctors and taken to hospitals for x-rays and other tests. He also received dental care. Although the defendants may have been negligent, they clearly did not act with deliberate indifference. Therefore, the district court properly pierced the veil of the complaint's factual allegations and correctly held that the case lacked an arguable basis in fact on this issue.
 
 
 8
 The motions for counsel, for pauper status, to amend the complaint, and for an injunction are denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.