900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bryan A. LATHAM, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY CORRECTIONS CABINET; John T.
Wigginton, Secretary, Defendants-Appellees.
 No. 89-6545.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bryan Latham has filed a motion for miscellaneous relief on appeal from the district court's order dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights complaint with prejudice.
 
 
 3
 Latham claimed that, after his sentence was imposed, he was improperly detained in the Simpson County Jail for approximately five months before he was transferred to Luther Luckett Correctional Complex. He claimed that Ky.Rev.Stat. Sec. 431.215 mandates that he be delivered to state custody following imposition of the sentence. He claimed that this practice not only was contrary to state law, but that it also violated his constitutional rights. The defendants are the Corrections Cabinet and the Cabinet Secretary. He requested $25.00 per day for each day he was held in the county jail, beginning 30 days from final sentencing.
 
 
 4
 Upon review of the motion to dismiss and Latham's reply, the district court dismissed the complaint with prejudice. The court stated that the eleventh amendment bars relief in this case.
 
 
 5
 Latham raises the same argument on appeal.
 
 
 6
 Upon consideration, we affirm the district court's order as the eleventh amendment protects the Corrections Cabinet from section 1983 liability in this case. See generally Welch v. State Dep't of Highways and Public Transp., 483 U.S. 468, 472-74 (1987). In addition, the suit against defendant Wigginton was correctly dismissed as, in his official capacity, he is not a "person" subject to suit for monetary damages under section 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989) (although officials literally are persons, an official-capacity suit is a suit against the officials' office and thus against the state itself) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 7
 For these reasons, the motion for miscellaneous relief is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.