932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel Lee AMBROSE, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Department of Corrections,
Steve Winchester, Hearing Investigator, I.
McLauchlan, Hearing Officer, Defendants-Appellees.
 No. 91-1117.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Samuel Lee Ambrose, a pro se Michigan prisoner, appeals from the district court's order granting summary judgment in favor of the defendants in this prisoner civil rights suit brought under 42 U.S.C. Sec. 1983. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Ambrose sued the Director of the Michigan Department of Corrections, the Hearings Investigator at the Lakeland Correctional Facility (LCF), and a Hearings Officer at LCF. Ambrose claimed that he has been denied access to the courts. Specifically, he alleged that his legal materials (books, cases, and reporters) contained in a footlocker were confiscated by prison officials when he was transferred to LCF. He claimed that his legal materials were necessary to his other claims pending in state and federal court. Ambrose further claimed that his legal materials were not available in the prison library. The Hearing Officer was not served. The remaining defendants are sued in their official capacities.
 
 
 3
 The matter was referred to a magistrate who issued a report recommending that summary judgment be entered for the defendants. The district court adopted the recommendation over Ambrose's objections and this appeal followed.
 
 
 4
 Upon consideration, we conclude that summary judgment on Ambrose's claims was proper, as the record supports the district court's decision that there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 In addition, summary judgment is proper to the extent Ambrose sought money damages against the defendants. The complaint does not state that the defendants are sued in their individual capacities. Hence, they are construed to be sued in their official capacities. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). State officials sued in their official capacities for money damages are not persons subject to suit under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 6
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.