947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen L. FLEETWOOD, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, et al., Defendants-Appellees.
 No. 91-1699.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge*.
 
 ORDER
 
 2
 This is an appeal from the summary judgment for defendants in this prisoner civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Allen Fleetwood is presently incarcerated at the Standish Maximum Correctional Facility (SMCF), in Standish, Michigan. He filed a civil rights suit alleging various unrelated incidents over an unspecified period of time against nine corrections officials at three institutions (SMCF, Ionia Maximum Correctional Facility (IMCF), and Huron Valley Men's Facility (HVMF)). Primarily, Fleetwood complained about his placement and continued confinement in administrative segregation. He also asserted claims for violation of First Amendment rights and for interference with access to the courts. Fleetwood sought monetary relief and release from segregation.
 
 
 4
 The district court entered summary judgment in favor of the defendants after finding that Fleetwood's damage claims were barred by the Eleventh Amendment and that Fleetwood had no arguable constitutional claim arising from his retention in segregation. It is from this judgment that Fleetwood now appeals. His brief on appeal contains a request for counsel.
 
 
 5
 Upon consideration, we find the district court correctly concluded that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 We agree that defendants were entitled to judgment as a matter of law on Fleetwood's damage claims. It appears that the defendants "were merely carrying out state policy," and the suit against them "was no different than if it [had been] brought solely against the state." Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.1991). Fleetwood's complaint does not allege that the defendants were sued in their individual capacity, and we must therefore treat the action as one brought against the defendants in their official capacity. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Under the Eleventh Amendment, state employees are immune from liability for damages when a § 1983 action is brought against them in their official capacity. Id.
 
 
 7
 We also agree that Fleetwood has no arguable constitutional claim arising from his retention in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). The record in this case shows that Fleetwood received all the process due with regard to his major misconduct convictions. Hearing officers conducted administrative hearings in each instance and found Fleetwood guilty of refusal to submit to drug testing. The hearings were consistent with the due process requirements of Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, the hearing reports demonstrate that Fleetwood's conviction was based on ample evidence. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). The process accorded Fleetwood with regard to his major misconduct conviction was sufficient for placement in administrative segregation. Only one hearing was necessary for both the misconduct finding and placement in administrative segregation. See Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985).
 
 
 8
 The record further discloses that Fleetwood received all process that was necessary for his continued placement in segregation. See Hewitt, 459 U.S. at 477 n. 9; Policy Directive PD-BCF-60.01 ("administrative and protective segregation prisoners shall be regularly reviewed by a security classification committee or housing unit team"). Fleetwood's affidavit and his attached copies of the administrative segregation interview reports demonstrate that prison officials have continuously engaged in "some sort of periodic review" of his administrative confinement as required by Hewitt.
 
 
 9
 Accordingly, the request for counsel is denied and the district court's judgment affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation