996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Conie TAYLOR, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 93-1016.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Conie Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Taylor sued the Michigan Department of Corrections (MDOC), several corrections officials and medical personnel; he did not state the capacity in which he was suing these defendants. He alleged that the defendants violated his due process and equal protection rights and his right to be free from cruel and unusual punishment when they failed to transfer him from Brooks Regional Correctional Facility to the Ryan Correctional Facility (RCF). Taylor was approved for this transfer on October 10, 1991, but the transfer was canceled on November 26, 1991, due to Taylor's medical condition (uncontrolled hypertension). Taylor was ultimately transferred to RCF on March 10, 1992.
 
 
 3
 A magistrate judge recommended granting the defendants' motion to dismiss. The district court accepted the magistrate judge's recommendation and dismissed the case. On appeal, Taylor continues to argue the merits of his case. He requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Taylor's § 1983 action for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 5
 We also note that Taylor did not state the capacity in which he was suing the defendants. They are, therefore, considered as sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and are not subject to suit for monetary damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989). Taylor's lawsuit against the MDOC for monetary damages is essentially a suit against the state of Michigan which is barred by the Eleventh Amendment, as the state has not consented to being sued. See Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987).
 
 
 6
 Accordingly, we deny Taylor's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.