9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STANLEY L. BOSWELL, Plaintiff-Appellant,
v.
STEVE LUNDSTROM, Defendant-Appellee.
 No. 93-1688.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Boswell appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Boswell sued an employee of the Michigan Department of Corrections, alleging that the defendant improperly withheld a catalog that Boswell had ordered. Boswell did not specify the capacity in which he sued the defendant. The district court granted summary judgment for the defendant, concluding that Boswell had failed to comply with the pleading requirements set forth in Fed.R.Civ.P. 8(a). The district court also dismissed the case on the basis of abstention. Boswell has filed a timely appeal. On appeal, Boswell requests the appointment of counsel.
 
 
 3
 Upon review, we affirm the judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Initially, we note that Boswell did not specify the capacity in which he sued the defendant. Absent a specification of capacity, the defendant is construed to be sued in his official capacity. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). A state official is not subject to suit for monetary damages in his official capacity under 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 and n. 10 (1989). Further, the record in this case reflects that Boswell has received the catalog which served as the basis of the dispute in this matter. Therefore, we conclude that his claims for injunctive and declaratory relief are moot. See Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 724 (6th Cir.), cert. denied, 113 S.Ct. 2416 (1993).
 
 
 4
 Accordingly, we deny Boswell's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.