107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac HUGHES, Plaintiff-Appellant,
v.
Terry COLLINS; Maria Walters; J. Goodman, Defendants-Appellees.
 No. 96-3202.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and an immediate parole hearing, Isaac Hughes sued a records supervisor (Maria Walters), an assistant inspector (J.A. Goodman), and the warden (Terry Collins) of the Southern Ohio Correctional Facility. Hughes did not specify in what capacity he was suing the defendants. Hughes claimed that his parole hearing has been delayed or denied improperly.
 
 
 4
 The case was submitted to a magistrate judge who recommended that Hughes's complaint be dismissed for failing to state a claim upon which relief can be granted. The magistrate judge also recommended that Hughes's motion to file an amended complaint be denied. The district court adopted the magistrate judge's report and recommendation over Hughes's objections. In his timely appeal, Hughes reasserts the claim he set forth in the district court.
 
 
 5
 Because Hughes did not specify the capacity in which the defendants were being sued, we regard them as having been sued in their official capacities. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Accordingly, the defendants are not subject to suit for monetary damages under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 6
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Wright v. MetroHealth Med. Center, 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 7
 Upon such review, we conclude that the district court's dismissal of Hughes's complaint was proper; the complaint does not state a claim for which relief can be granted. Hughes claims that a certified copy of a prisoner escape sentence was excluded from his file for a time, and that the discovery of this omission caused his parole hearing to be postponed. According to Hughes, prison officials failed to maintain complete and accurate prisoner records, as state law requires them to do. Once the escape charge was obtained and included in his file, Hughes says, Ohio failed to credit him for time served in a Michigan prison after his indictment but before his conviction in Ohio. As a result, he claims, the date of his eligibility for parole was incorrectly calculated. Hughes thus contends that the defendants have improperly delayed or denied him a "complete hearing," based upon an erroneous claim of ineligibility for parole.
 
 
 8
 The record reflects that Hughes was not entitled to credit against his Ohio sentence for time served in Michigan. The record further indicates that Hughes was not eligible for parole at the time of his first parole hearing--and Ohio officials realized their error once they learned of the escape sentence. It is clear that Hughes suffered no harm as a result of the alleged errors and omissions of Ohio prison officials. And even if that were not the case, Hughes could still not show a due process violation.
 
 
 9
 Prisoners have no general federal constitutional right to parole or a parole hearing. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). States may, however, create a protectible liberty interest through the enactment of regulations and procedural rules that limit the discretion of state officials in making parole decisions. The real concerns undergirding the liberty interest, however, are freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). We are hesitant to find a protected liberty interest in policy directives governing parole hearings, given that a change in the state's procedures typically will not cause a significant hardship for the inmate in relation to the ordinary incidents of prison life.
 
 
 10
 This is particularly true where the parole board retains discretionary authority to grant or deny parole. In Ohio, the parole board does retain such authority. Ohio Rev.Code § 2967.03; Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 236 (6th Cir.1991). So long as the parole discretion is broad, as in Ohio, the state has not created a constitutionally protected liberty interest by enacting procedural rules. See Sweeton v. Brown, 27 F.3d 1162, 1165 (6th Cir.1994), cert. denied, 115 S.Ct. 1118 (1995) (citing Olim v. Wakinekona, 461 U.S. 238, 249 (1983)).
 
 
 11
 Hughes cannot state a claim under § 1983, because the alleged violation does not give rise to a due process violation. The district court properly denied the motion for leave to amend the complaint because the proposed amendments still failed to state a claim.
 
 
 12
 The district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons stated above and for those set forth in the magistrate judge's report and recommendation as adopted by the district court in its order dated January 29, 1996.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation