RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0393P (6th Cir.)
File Name: 01a0393p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

RALPH MOORE, JR.,
     *Plaintiff-Appellant,*

     *v.*

No. 99-5258

CITY OF HARRIMAN;
HARRIMAN POLICE
DEPARTMENT; ROY JENKINS,
Chief of Police, Harriman
Police Department; DARREN
MCBROOM; TERRY FINK;
RANDY HEIDLE; VIRGIL
MCCART; JERRY SINGLETON,
     *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 97-00243—James H. Jarvis, District Judge.

Argued: December 6, 2000

Decided and Filed: November 8, 2001

Before: MARTIN, Chief Judge; MERRITT, NELSON,
BOGGS, NORRIS, SUHRHEINRICH, SILER,
BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY,
and GILMAN, Circuit Judges.

1

---

**COUNSEL**

**ARGUED:** Donald K. Vowell, VOWELL & ASSOCIATES, Knoxville, Tennessee, for Appellant.  Nathan D. Rowell, WATSON, HOLLOW & REEVES, Knoxville, Tennessee, for Appellees. **ON BRIEF:** Donald K. Vowell, VOWELL & ASSOCIATES, Knoxville, Tennessee, for Appellant. Nathan D. Rowell, Robert H. Watson, Jr., WATSON, HOLLOW & REEVES, Knoxville, Tennessee, for Appellees.

MARTIN, C. J., delivered the opinion of the court, in which DAUGHTREY, MOORE, COLE, and CLAY, JJ., joined. MERRITT, J. (p. 10), delivered a separate concurring opinion.  GILMAN, J. (p. 11), delivered a separate opinion concurring in the result.  SUHRHEINRICH, J. (pp. 12-58), delivered a separate dissenting opinion, in which NELSON, BOGGS, NORRIS, SILER, and BATCHELDER, JJ., joined.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Chief Judge.  Ralph Moore appeals the district court's order dismissing his 42 U.S.C. § 1983 claims against five police officers for failure to clearly notify the officers that they were being sued in their individual capacities, under this Court's rule in *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).  A panel of this Court originally reversed the district court's decision, finding that although the complaint contained ambiguous language, taken as a whole it provided sufficient notice to the individual officers.  *See Moore v. City of Harriman*, 218 F.3d 551 (6th Cir. 2000).  The full Court vacated that decision and granted a rehearing en banc to clarify the pleading requirements for a § 1983 complainant seeking recovery from state officials in their individual capacities.  *See Moore v. City of Harriman*, 218 F.3d 555 (6th Cir. 2000).  For the following reasons, we reverse the district court's dismissal of Moore's claim.

deprivation of the plaintiff's rights under color of state law prohibited by 42 U.S.C. 1983.

The said actions also violated the plaintiff's rights secured by Article 1, §§ 7 and 8 of the Tennessee Constitution.

The City and the defendant police chief Jenkins are directly liable for the injuries of the plaintiff separate and apart from their liability under the principles of *respondeat superior.*

17. The said actions of the defendants were accomplished intentionally, recklessly, maliciously and/or fraudulently.

Wherefore, the plaintiff requests that the Court:

a. Award compensatory damages against each of the defendants in such amount as shall be proved at the trial of this cause.

b. Award punitive damages against each of the defendants in such amount as shall be proved at the trial of this cause.

c. Award costs of this action including attorneys fees.

d. Award such other further and general relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Donald K. Vowell
Attorney for the Plaintiff
6312 Kingston Pike
Suite 111
Knoxville, TN 37919
423/588-4018
Bar Code 6190

Robert R. (Rick) Carl II
Attorney for the Plaintiff
6312 Kingston Pike
Suite 111
Knoxville, TN 37919
423/588-4018
Bar Code 017911

## I.

In April 1997, Moore sued the City of Harriman; the Harriman Police Department; Roy Jenkins, Chief of Police; and Officers Darren McBroom, Terry Fink, Randy Heidle, Virgil McCarter, and Jerry Singleton for using excessive force during Moore's arrest one year before. Moore alleged violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution and Article 1, §§ 7 and 8 of the Tennessee Constitution, as well as the state torts of malicious prosecution and abuse of process. Moore's complaint caption did not specify whether the officers were named in their official or individual capacities.

In January 1998, the officers moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against them in their individual capacities. Moore responded that his complaint showed that he had sued each officer in his individual capacity, but on February 27, the district court granted the officers' motion without prejudice as to all such claims. On March 6, Moore moved for leave to amend the complaint to add the word "individually" after each officer's name in the complaint caption. Additionally, Moore filed a Rule 59 motion to alter or amend the judgment insofar as it dismissed "any claims against [the officers] in their individual capacities," because it thus purported to dismiss the state law claims against the officers along with the § 1983 claims. On April 15, the district court reinstated Moore's state law claims against the officers, but denied Moore the opportunity to amend his complaint, stating that such an amendment would be futile as the one-year statute of limitations underlying the § 1983 claims had run. Moore timely appealed.

## II.

We review the district court's dismissal of Moore's § 1983 claims de novo. *See Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 296 (6th Cir. 1993). We review with care all dismissals on the pleadings, and "[d]ismissals of complaints under the civil rights statutes are scrutinized with

special care." *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988) (quoting *Dunn v. Tennessee*, 697 F.2d 121 (6th Cir. 1982)).

In 1989, the Supreme Court ruled that states and state employees sued in their official capacities were not "persons" under § 1983, and therefore could not be held liable for money damages. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). That same year, we held that *Will* required plaintiffs seeking damages under § 1983 to set forth clearly in their pleading that they were suing state officials as individuals, rather than as officials. *See Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989).

*Wells*'s pleading requirements for § 1983 claimants rest on two rationales. First, *Wells* was concerned that defendants receive notice of the possibility of individual liability. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). "It is certainly reasonable to ask that all plaintiffs . . . alert party defendants that they may be individually responsible in damages." *Wells*, 891 F.2d at 594. Second, *Wells* found that § 1983 claimants must plead capacity for jurisdictional reasons. *Will* determined that the Eleventh Amendment creates a jurisdictional bar to suits against states and state employees sued in their official capacities for money damages; Rule 9(a) states in relevant part that "[i]t is not necessary to aver the capacity of a party . . . except to the extent required to show the jurisdiction of the court." FED.R.CIV.PRO. 9(a). Accordingly, *Wells* reasoned, "[b]ecause the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) to require plaintiffs to properly allege capacity in their complaint." *Wells*, 891 F.2d at 593.

Although other courts have read *Wells* to establish a per se rule requiring § 1983 plaintiffs to affirmatively plead "individual capacity" in the complaint, *see, e.g., Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995), we have never applied such a strict interpretation. In *Whittington v. Milby*,

The said criminal proceedings for contributing to the delinquency of a minor and aggravated assault have already been terminated in favor of the plaintiff, with the said charges being dismissed at the preliminary hearing. The placing of the said charges of contributing to the delinquency of a minor and aggravated assault constitute the torts of malicious prosecution and abuse of process, and violated the plaintiff's civil rights enumerated above.

12. As set out herein, the plaintiff was assaulted, battered and subjected to excessive force by the said officers, including being sprayed in the eyes with mace, and was subjected to a false arrest and imprisonment. The said officers' actions were without cause or justification. At no time did the plaintiff violate any law of Tennessee or of the United States.

13. As the proximate result of the said officers' acts and omissions described herein the plaintiff has suffered injuries and damages including permanent loss of the use of his left arm, injury to his eyes, loss of employability, medical and legal expenses, pain and suffering, loss of his personal liberty, loss of reputation, being prevented from attending to his personal affairs and business, mental trauma and anguish.

14. The actions of the said officers were accomplished in concert and in conspiracy with one another.

15. At all times relevant to this action, the said officers were employees and/or agents of the City of Harriman. All of the said actions of the said officers were taken in the course of and in the scope of their employment by the City, for which the City and the defendant police chief Jenkins are liable vicariously, according to the principles of *respondeat superior*.

16. The City and the defendant police chief Jenkins were negligent and recklessly negligent in the hiring, training, supervision and/or control of the individual defendants, and, in particular, in the training and supervision in the use of mace, and in issuing mace without proper training and supervision. Consequently, the City and the defendant police chief Jenkins have violated the plaintiff's rights, privileges and immunities secured by the United States Constitution, including the right to be free of an unreasonable seizure and to be free of a deprivation of liberty under the 4th and 14th Amendments to the Constitution of the United States as well as his right to free speech under the First Amendment. The actions of the said officers constituted the

4

5. Following the beating, the officers threw the plaintiff head-first into a police cruiser and took him to the Harriman City Hospital. On the way to the hospital the plaintiff began having seizures. The plaintiff remained in the Harriman City Hospital for one and one-half days, being administered oxygen and monitored by a heart monitor.

6. Upon the plaintiff's release from the hospital, the said officers placed criminal charges against the plaintiff as follows:

> Disorderly conduct
> Aggravated assault on a police officer
> Simple assault on a police officer
> Resisting arrest
> Contributing to the delinquency of a minor

At the preliminary hearing, the court dismissed the charges of contributing to the delinquency of a minor, and the court reduced the charge of aggravated assault to simple assault because of lack of probable cause of any aggravated assault.

7. The said officers used excessive and unreasonable force in arresting the plaintiff, and their actions, including both the arrest and the use of force during the arrest, violated the plaintiff's rights, privileges and immunities secured by the United States Constitution, including the right to be free of an unreasonable seizure and to be free of a deprivation of liberty under the 4th and 14th Amendments to the Constitution of the United States as well as his right to free speech under the First Amendment.

The said actions also violated the plaintiff's rights secured by Article 1, §§ 7 and 8 of the Tennessee Constitution.

8. The actions of the said officers constituted the deprivation of the plaintiff's rights under color of state law prohibited by 42 U.S.C. 1983.

9. The said officers retaliated against the plaintiff for the exercise of his right of free speech with excessive and unreasonable force including the spraying of mace.

10. At no time did the said officers have probable cause to arrest the plaintiff or to believe that he had committed any offense, nor did they have legal grounds to confine him or restrict his movements in any way.

11. The said officers, acting for themselves and for the City, instituted all of the criminal charges against the plaintiff without probable cause and with malice. The charges were instituted not for the primary purpose of bringing the plaintiff to justice, but to shield and cover up the wrongful actions of the said defendants as described above.

3

11

928 F.2d 188 (6th Cir. 1991), decided just two years after *Wells*, we stated that "[u]nder *Wells v. Brown*, absent *any* indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities . . . ." *Id.* at 193 (citation omitted) (emphasis added). In *Brooks v. American Broadcasting Companies, Inc.*, 932 F.2d 495 (6th Cir. 1991), we reaffirmed that "[a]ll a [§ 1983] complaint need do is afford the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *Id.* at 497 (quoting *Jones*, 840 F.2d at 361) (internal quotes and citations omitted).

In fact, our post-*Wells* jurisprudence shows that we have applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable, albeit without clearly labeling the test as such. For instance, we have refused to dismiss a § 1983 complaint which failed to state "individual capacity," where one month after the complaint was filed, the plaintiff filed a motion stating that the defendants acted outside the scope of their employment and in bad faith. *See Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). We have also looked to later pleadings, such as a response to a motion for summary judgment, to determine whether proper notice had been given. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995). Therefore, while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her "individual capacity," *see, e.g., Hardin v. Straub*, 954 F.2d 1193, 2000 (6th Cir. 1992), failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.[1]

---

[1] The "course of proceedings" test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. *See Biggs*, 66 F.3d at 61. The test also considers whether subsequent pleadings put the defendant on notice of the capacity

The Supreme Court has noted that "[t]he 'course of proceedings' in such [unspecified capacity] cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Indeed, the vast majority of our sister circuits apply the "course of proceedings" test to determine whether suit has been brought against a state official as an official or as an individual. *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996); *Biggs*, 66 F.3d at 61; *Ying Jang Gan v. City of New York*, 996 F.2d 522, 529-30 (2d Cir. 1993); *Hill v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 1991); *Houston v. Reich*, 932 F.2d 883, 885 (10th Cir. 1991); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990); *Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir. 1987); *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973). Only two circuits expressly deviate from this test. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (presuming official liability absent express statement that suit is brought against defendant in individual capacity); *Shoshone-Bannock Tribes v. Fish & Game Comm'n of Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994) (presuming individual liability when complaint seeks money damages from state officials).

The officers in this case urge us to read *Wells* as adopting the Eighth Circuit's rule presuming an official capacity suit absent an express statement to the contrary. They argue that to withstand a motion to dismiss, *Wells* requires complaints seeking damages for alleged violations of § 1983 to contain the words "individual capacity," regardless of whether the defendants actually receive notice that they are being sued individually. Although we acknowledge that *Wells* contains

---

in which he or she is sued. We are mindful of the timing of subsequent filings not, as the officers suggest, because they must be filed practically contemporaneous to the opinion, but rather to determine whether the parties are still in the early stages of litigation. This ensures both fairness to defendants, *Wells*'s first concern, and the resolution of any jurisdictional problems at an early stage, *Wells*'s second concern. As this case appears before us on appeal from a Rule 12(b)(6) dismissal, we assume it is still in a relatively early stage of litigation.

rights and elective franchise."

Jurisdiction of the state law claims made herein is founded on 28 U.S.C. 1367, "Supplemental jurisdiction."

3. **Venue.** Venue is based upon 28 U.S.C. 1391, by virtue of the facts that a substantial part of the events giving rise to the cause of action occurred within this district.

4. On or about the morning of April 7, 1996, the defendants McBroom, Fink, Heidle, McCart, and Singleton, all City of Harriman police officers, went to the plaintiff's residence at 521 Sheldon Rd., Harriman, TN, in four separate police cruisers, supposedly to investigate a report that shots had been fired in the neighborhood. Shortly thereafter the plaintiff also arrived at the house driving his own vehicle, with his wife Linda Moore and Crystal Pressley, age 17, as passengers. Upon arriving at the house, the plaintiff found all of the officers in his yard, with two of the officers being on his porch and/or at his door. Upon ascertaining the reason the officers claimed to be on his property, the plaintiff exercised his right of free speech and asked them to leave. The officers refused to leave, and the plaintiff repeated his request several more times. At that point, the defendant officer McBroom told the plaintiff that if he didn't calm down he would be arrested for disorderly conduct. Upon hearing that, the plaintiff advised the officers that he was going to go see the mayor about the matter, and he got back into his vehicle. At that point, the plaintiff was not under arrest, and had not violated any law of the State of Tennessee or the United States of America. And, at that time, the said officers did not have probable cause to arrest the plaintiff or to believe that he had committed any offense, nor did they have legal grounds to confine him or restrict his movements in any way.

The said officers proceeded to pull the plaintiff's car door open and the defendant Fink sprayed the plaintiff in the face with Mace, and proceeded to drag him out of the car by the left arm. Thereupon, the said officers administered a vicious beating, including additional mace attacks and striking the plaintiff in the head with hard objects. From these events the plaintiff sustained numerous injuries including a permanent impairment of his left arm and permanent injury to his eyes.

All of these events took place in the front yard of the plaintiff's house in Harriman, Tennessee.

APPENDIX

FILED

**In the United States District Court
for the Eastern District of Tennessee**

APR 4 4 19 PM '97

U.S. ... ... ...
BY CDM ... ...

Ralph Moore, Jr.
521 Sheldon Rd.
Harriman, TN 37748

    Plaintiff

vs.

City of Harriman, Tennessee, Harriman
Police Department, Roy Jenkins, Chief
of Police, Darren McBroom, Terry Fink,
Randy Heidle, Virgil McCart, and Jerry
Singleton
    Harriman Police Department
    302 Roane St.
    Harriman, TN 37748

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**3:97-CV- 243**

No. ... ... ..

(Jury Demand)

*Jarvis / Murrian*

**Complaint**

Now comes the plaintiff and shows unto the Court as follows:

1. **Parties.** The parties are identified as follows:

a. The plaintiff is a citizen and resident of the Eastern District of Tennessee, with address as stated in the caption.

b. The defendant is a Tennessee municipal corporation located in the Eastern District of Tennessee.

c. The defendant Jenkins was at all times relevant to this action the Chief of the City of Harriman Police Department and as such was responsible for the hiring, training, supervision and/or control of the officers in the Harriman Police Department. The other individual defendants were at all times relevant to this action officers of the City of Harriman Police Department and were acting in the course of their employment and in furtherance of the business of the City. At all times relevant hereto the said defendants were acting under color of Tennessee law, and in the Eastern District of Tennessee.

2. **Jurisdiction.** This action is brought pursuant to 42 U.S.C. §§ 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, with jurisdiction founded on 28 U.S.C. 1331 "Federal question" and 28 U.S.C. 1343, "Civil

*i*

---

language supporting this reading, we find the more reasonable interpretation to be that § 1983 plaintiffs must clearly notify defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction. When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether *Wells*'s first concern about notice has been satisfied.[2]

Here the district court erred in dismissing Moore's § 1983 claims against the individual officers. The caption on Moore's complaint lists only the officers' names, not their official titles. The complaint refers to the officers throughout as the "individual defendants." Paragraph Eleven of the complaint states, "The said officers, acting *for themselves and for the City*," behaved "with malice . . . and violated the plaintiff's civil rights." (emphasis added). Finally, Moore sought compensatory and punitive damages against "each of the defendants." Taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals.

Even assuming the complaint itself failed to provide sufficient notice, Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: "The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996." Subsequent filings in a case may rectify deficiencies in the initial pleadings. *See Abdur-Rahman*, 65 F.3d at 491; *Pelfrey*, 43 F.3d at 1038. *Abdur-Rahman* reversed the dismissal of a plaintiff's § 1983 claims, because the plaintiff's response to the defendants' motion for summary judgment provided sufficient notice that suit had been brought against

---

[2] We are not concerned today with *Wells*'s jurisdictional rationale. The officers are employees of a municipality, and the Eleventh Amendment does not apply to municipalities. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Therefore, we address only *Wells*'s concern that defendants receive proper notice.

them in their individual capacities. *See Abdur-Rahman*, 65 F.3d at 491. Although the officers cite several unpublished cases in support of their argument that Moore did not provide them with proper notice, they fail to mention, let alone distinguish, *Abdur-Rahman* from the case at bar. We find the two sets of facts functionally equivalent and therefore reverse the district court's order dismissing Moore's § 1983 claims.

### III.

Additionally, we find that the district court erred in refusing to allow Moore to amend his complaint. The district court correctly noted that the appropriate statute of limitations for Moore's § 1983 claims was one year, and that by the time he sought to amend his complaint, almost two years had passed. It failed, however, to properly apply Federal Rule of Civil Procedure 15(c), which would have allowed the amended complaint to relate back to the original filing date, such that it would not be barred by the one-year statute of limitations.

Rule 15(c)(2) allows amendments to relate back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c)(3), addressing changes to a party or "the naming of a party," states that an amendment relates back if the provisions of 15(c)(2) are satisfied, the defendant received notice of the suit within 120 days following the filing of the original complaint, the notice was such that the defendant "will not be prejudiced in maintaining a defense on the merits," and the defendant "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Although we have not answered whether Rule 15(c)(2) applies when a § 1983 plaintiff seeks to alter the capacity in which a defendant has been sued, we have held this type of alteration acceptable under Rule 15(c)(3). *See Brown v. Shaner*, 172 F.3d 927, 934 (6th Cir. 1999).

We are satisfied that the requirements of Rule 15(c)(3) have been met here. There is no question that the original and

the party or the naming of the party. In altering capacity, one is changing the party, not the claim. *See* Fed. R. Civ. P. 9(a). In any event, the majority acknowledges that "we have not answered whether Rule 15(c)(2) applies when a § 1983 plaintiff seeks to alter the capacity in which a defendant has been sued, although we have held this type of alteration acceptable under Rule 15(c)(3)." *Ante*, *supra*, at 8. Apparently, the majority thinks that this aspect of *Brown* is dicta. I will too. In any event, the prejudice prong was not met in *Brown*, given counsel's concession at oral argument.

In sum, I would affirm the district court's denial of Plaintiff's motion to amend as a proper application of Fed. R. Civ. P. 15 and *Lovelace*.

### V.

Although we review appeals in civil rights cases raising issues such as this one with special care, we should not grant special, less demanding pleading requirements to civil rights plaintiffs. We take special care with *pro se* litigants, too. *Wells*, 891 F.2d at 594 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). But we still require them to alert government defendants that they may be held individually liable for damages, and to conform to basic pleading requirements. *Id.* The standard should be no different for represented civil rights plaintiffs, as here. They too must provide government defendants fair notice of the capacity in which they are sued, and the only fair notice is clear notice by the face of the complaint. *Id.*

The majority's ruling today flouts well-established precedent, and ignores the underlying jurisdictional, prudential, and public policy concerns that gave rise to the *Wells* rule. Furthermore, even under the majority's newly-crafted test, clear notice of capacity – at any stage in the proceedings – was lacking here. The district court also correctly denied Plaintiff's eleventh-hour motion to amend. The district court's dismissal of Moore's complaint should be affirmed.

Furthermore, in my view, *Brown v. Shaner*, 172 F.3d 927 (6th Cir.), *cert. denied,* 528 U.S. 966 (1999), is inconsistent with *Lovelace,* and more fundamentally, inconsistent with Fed. R. Civ. P. 15(c)(3). In *Brown*, this Court held that a second amended complaint in a § 1983 action, explicitly naming defendant police officers in their individual capacities, related back to the date of the original pleading, which did not specify capacity. The *Brown* court held that *Lovelace* was not controlling.

> *Lovelace* does not control this case. First, the Court did not consider the complaint independently under (c)(2), but seems to have assumed without comment that (c)(2) was inapplicable in this case as a basis for relation back. The Court's silence regarding availability of (c)(2) leaves open for this Court to decide whether (c)(2) affords an independent basis for relation back. Second, even if we were to focus on (c)(3), *Lovelace* is distinguishable because it was not "apparent" in *Lovelace* that [the defendant] knew or should have known of a "mistake" in the identify of the party set forth in the pleadings.

*Brown*, 172 F.3d at 933. We explained that the original complaint in *Lovelace* clearly stated that the defendant "had not acted as an individual," but within the "powers of his official capacity." *Id.* By contrast, the complaint in *Brown* did not state the capacity in which the individual defendants were being sued. *Id.* Finally, the defendants' counsel in *Brown* "*acknowledged at oral argument that it was clear from a reading of the complaint that these defendants could not be held liable in their official capacity.*" *Id.* (emphasis in original).

*Brown's* attempt to distinguish *Lovelace* on the grounds that *Lovelace* did not consider the complaint independently under Fed. R. Civ. P. 15(c)(2) is inconsistent with the Rule. The *Lovelace* case did not consider Rule 15(c)(2) because (c)(2) applies when the amendment seeks to add a claim or defense. Rule 15(c)(3) applies when the amendment changes

amended complaints involve the same conduct, and thereby satisfy the requirements of Rule 15(c)(2). The officers each received proper service of process within 120 days of the filing of the complaint. Moreover, the officers will not be prejudiced in any way by allowing Moore to clarify that he seeks individual liability on the § 1983 claims. Moore sued the officers not only for violations of § 1983, but also for the state torts of malicious prosecution and abuse of process, as well as for state constitutional violations. Therefore, the officers received clear notice from the beginning that they faced individual liability of some sort for the conduct of which Moore complains, and have thus not been denied an opportunity to retain individual counsel or prepare a defense. Finally, the officers knew or should have known that Moore's § 1983 theory claimed they were individually liable for the alleged violations. Moore's complaint alleged conduct committed by the officers "for themselves and for the City," and that they acted "with malice . . . in violation of plaintiff's civil rights." Accordingly, we find that the district court erred in denying Moore leave to amend his complaint pursuant to Rule 15(c)(3).

### IV.

In conclusion, we reaffirm *Wells*'s requirement that § 1983 plaintiffs must clearly notify any defendants of their intent to seek individual liability, and we clarify that reviewing the course of proceedings is the most appropriate way to determine whether such notice has been given and received, as demonstrated by our decisions in *Pelfrey* and *Abdur-Rahman*. Because we find this case governed by *Abdur-Rahman*, we reverse the district court's dismissal of Moore's complaint. Additionally, we find that the district court should have allowed Moore to amend his complaint pursuant to Rule 15(c)(3). We thus remand for further proceedings.

―――――――――――

## CONCURRENCE

―――――――――――

MERRITT, Circuit Judge, concurring.  I concur in Sections I and II of the Court's opinion but I find Section III unnecessary and, therefore, do not concur in that section.  I do not think we should decide the amendment issue when we have just decided in this case that the plaintiff has stated a claim of individual capacity.  It is not only unnecessary to go further, but it may be harmful to do so because the opinion will be read as applying to state officials for whom a clear statement of capacity is jurisdictional and probably should not relate back.  I do think, however, that we should follow the majority of Circuits on the major question of the meaning of our opinion in *Wells v. Brown*, 891 F.2d 951 (6th Cir. 1989).

attempted to be set forth in the original pleading."  Rule 15(c)(3) allows changes to a party or "the naming of a party" if the provisions of 15(c)(2) are met and within the 120 days from the filing of the original complaint, the party to be brought in "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits," and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  Fed. R. Civ. P. 15(c)(3).

I do not see how the second and third requirements of 15(c)(3) are met here.  First, Defendants would be prejudiced in preparing a defense on the merits.   Had they known they were  being sued personally, they might have developed a different legal strategy, such as "retained independent counsel or participated more fully in the defense." *Lovelace*, 985 F.2d at 850.  Furthermore, Plaintiff did not move to amend until little over a month before trial, thirteen months after the Complaint had been filed (which was much longer than in *Lovelace*, which was only several months after the 120 days allowed for service of the summons and complaint time frame), and presumably long after discovery had closed.  As previously noted, none of the individual Defendants in this case filed an answer, pled the affirmative defense of qualified immunity, or engaged in discovery.  Under the majority's view, they nonetheless would have had to stand ready for trial within a month.  The prejudice is obvious.

For all the reasons discussed at length in this dissent, there is nothing in the record to indicate that defendants knew or should have known the § 1983 suit would have been brought against them personally *because Plaintiff failed to give clear notice*, even though it was incumbent on Plaintiff to do so.  I do not see how the state tort claims provided clear notice of personal capacity under § 1983, which bear no relation to the unique pleading requirements of § 1983.   In essence, Defendants have been punished for failing to assume that they were liable in their  personal capacities. This is not the law of this Circuit, and the majority has not taken such a drastic step.

responded to the motion on February 11, 1998, but did not seek leave to amend to insert an allegation that the officers were being sued in their individual capacities until March 6, 1998, after the order granting Defendants' motion was entered on February 27, 1998. Thus, even in the face of clear notice from Defendants that notice of individual capacity had not been "received," Plaintiff did not do anything until almost the eve of trial, which had been set for May 20, 1998, which, by the way, was thirteen months after the complaint had been filed. *Cf. Pelfrey*, 43 F.3d at 1038 (although the complaint failed to indicate capacity, the plaintiff filed a motion one month after the complaint was filed clarifying that the defendants were being sued in their personal capacities). Thus, the matter before us did not come to us in the posture of "still in a relatively early stage of litigation." *Ante* at 6 n.1.

Thus, even after sifting through the course of proceedings, we come up with little evidence to establish that Plaintiff gave clear notice of his intent to sue Defendants in their personal capacities and that Defendants received this notice. In other words, it simply cannot be said that Plaintiff's intention to hold Defendants personally liable could be "fairly ascertained." *See Biggs*, 66 F.3d at 61 (noting that throughout the course of proceedings, "the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly"). The majority's holding is contrary to *Wells* and progeny, does not fit within the narrow exception created by *Pelfrey*, and does not even pass muster under a course of proceedings analysis.

## IV.

The majority also finds that the district court erred in refusing to allow Plaintiff to amend his complaint. The majority acknowledges that the one-year statute of limitations for Plaintiff's § 1983 claim had run, but holds that the court failed to properly apply Federal Rule of Civil Procedure 15(c). Rule 15(c)(2) allows amendments to relate back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or

## CONCURRENCE

RONALD LEE GILMAN, Circuit Judge, concurring. I concur in the result reached by the majority opinion, and I agree with much of its reasoning. In particular, the adoption of the "course of proceedings" test to determine the capacity in which a public official is sued, and the holding that the district court erred in refusing to allow Moore to amend his complaint, strike me as the proper rulings in this case.

I write separately, however, to express my agreement with the following point made by the dissent: "Although the majority pays lip-service to the *Wells* rule, what it is really doing is adopting a course of proceedings test. It is disingenuous to do so without explicitly overruling *Wells*." Dissenting Op. at 39. The majority sitting en banc, of course, is perfectly free to abandon the rule in *Wells* (and the dissent does not claim otherwise), but it would be preferable to do so forthrightly. To do otherwise leaves the court open to the criticism that it is denying the obvious until an objective observer cries out that "the emperor has no clothes." Hans Christian Andersen, *The Emperor's New Clothes*, *in* The Little Mermaid and Other Fairy Tales (1963).

## DISSENT

SUHRHEINRICH, Circuit Judge, dissenting. The majority opinion purports to "reaffirm *Wells*'s requirement that § 1983 plaintiffs must clearly notify any defendants of their intent to seek individual liability, and [to] clarify that reviewing the course of proceedings is the most appropriate way to determine whether such notice has been given and received, as demonstrated by our decisions in *Pelfrey* and *Abdur-Rahman*." *Ante* at 9. In actuality, however, the majority eviscerates the *Wells* standard, expands the narrow exception created in *Pelfrey* beyond all reasonable bounds, transfers the pleading burden from plaintiffs to clearly plead individual capacity to government defendants to clarify the capacity in which they are sued, and adopts a standard-less "course of proceedings" test that ignores the certainty the Rules of Civil Procedure are intended to secure. Thus, I dissent.

## I.

Setting aside for the moment the basic illogic of the majority's position – namely that compliance with a pleading[1] rule requiring clear notice of capacity can somehow be verified through subsequent proceedings – the majority's decision cannot be reconciled with *Wells* and its progeny.

---

[1] Rule 7 of the Federal Rules of Civil Procedure defines what constitutes a "pleading":

(a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

raised in response to the complaint is a relevant factor. *See Biggs*, 66 F.3d at 61. Here, the individual Defendants did not respond in a way that reflects any perception on their part of potential individual liability. Indeed, the officers did not file individual answers, and thus, obviously, never asserted the affirmative defense of qualified immunity. *See id.* (observing that assertion of qualified immunity defense indicates that the defendant interpreted the plaintiff's action as being against him personally because qualified immunity is only available in a personal capacity suit).

Rather, only one Answer was filed: by the City. The City's Answer also reflects the City's perception that this was an official capacity suit. The first sentence of the City's Answer states: "The Defendant City of Harriman and its employees do hereby appear and answer this Complaint as follows." Further, the Answer also provides that, "[i]t is maintained that neither the City of Harriman nor its employees did any act which would render the City of Harriman responsible to the plaintiff for damages in this case." Answer, ¶21. It also states, "[i]t is hereby specifically maintained that the plaintiff is not entitled to recover punitive damages against a governmental entity such as the City of Harriman and therefore such claim for punitive damages fails to state a claim upon which relief can be granted." *Id.*, ¶ 23. This Answer, coupled with the fact that not one of the officers filed a separate answer, should have put Plaintiff on notice that the officers did not regard the suit as one against them personally. These circumstances should have prompted Plaintiff to seek leave to amend his Complaint to clarify his claims, or to seek a default judgment. Plaintiff did neither.

A telling indication that Defendants did not interpret Plaintiff's action as a personal capacity suit is their joint motion to dismiss, filed by the City's attorneys on January 22, 1998. In it, they expressly state that "the foregoing Defendants should be dismissed for failure of the Plaintiffs' to state a claim against them in their individual capacity." Pursuant to the district court's scheduling order, Plaintiff had until February 9, 1998, to amend the pleadings. Plaintiff

reference puts the defendants on notice that both the § 1983 claims and the state law claims were individual capacity suits, especially when the separate paragraph devoted to the § 1983 cause of action makes no mention of individual capacity. Furthermore, when read against the backdrop of paragraphs 1 and 15, which state that *all* of the actions of the officers were performed under color of law and in furtherance of the business of the City, we are left with a hopeless ambiguity, clearly insufficient to alert the defendants that they were being sued in their individual capacities under federal law.

Lastly, the majority relies on the prayer for relief, wherein Plaintiff makes blanket requests for both compensatory and punitive damages "against *each* of the defendants." *Id.* (emphasis added). However, given the mixed nature of the claims against the various defendants, i.e., both federal and state law claims, a comprehensive prayer for relief that might be construed as *implying* personal liability cannot be called clear notice.

In sum, the Complaint utterly fails to allege individual capacity claims. Thus, under a traditional application of *Wells*, it must be assumed that the defendants were sued in their official capacities only, because the Complaint fails to allege that the defendants were sued in their personal capacities. The district court therefore did not err in dismissing the defendants in their individual capacities.

The "course of proceedings" does not demonstrate that notice of individual capacity claims was "given and received" either. As the majority indicates, the nature of any defenses

and the use of force during the arrest, violated the plaintiff's rights, privileges and immunities secured by the United States Constitution, including the right to be free of an unreasonable seizure and to be free of a deprivation of liberty under the 4th and 14th Amendments to the Constitution of the United States as well as his right to free speech under the First Amendment.
The said actions also violated the plaintiff's rights secured by Article 1, §§ 7 and 8 of the Tennessee Constitution.
Complaint, ¶ 7.

Because the majority largely ignores it, explication of our precedent is in order.

As the majority notes, the Supreme Court's decision in *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), prompted our ruling in *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1990). *Will* held that a State is not a "person" within the meaning of § 1983. *Will*, 491 U.S. at 64. The *Will* court further held that although "state officials literally are persons," *id.* at 71, "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Id.* And, "[a]s such, it is no different from a suit against the State itself." *Id.* [2] An important consideration in the *Will* court's analysis was the Eleventh Amendment, which bars suits against a State in federal court absent a waiver of sovereign immunity. *Id.* at 66-67. [3]

In *Wells*, pro se prisoners sued nine state corrections officials under § 1983 for money damages. The complaint characterized each defendant official's conduct in terms of their official capacity only. *Wells*, 891 F.2d at 593. We held that *Will* made it unnecessary to reach the merits of the plaintiffs' claims, because the *Wells* complaint did not clearly set forth that they were suing the state defendants in their individual capacity for damages, not merely in their capacity

[2] By contrast, "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31 (1991).
For a discussion of the distinction between personal- and official-capacity actions, see *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).

[3] The petitioner in *Will* filed the § 1983 action in state court. In dicta, the *Will* court also suggested that the Eleventh Amendment does not apply in state court. *See Will*, 491 U.S. at 63-64. *Cf. Alden v. Maine*, 527 U.S. 706, 735 (1999) (noting that statement in *Will* is dicta).

as state officials.  *Id.* at 592.[4]  In so ruling, we adopted the Eighth Circuit's standard for § 1983 pleadings that requires plaintiffs to "clearly set forth in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Id.* at 592 (citing *Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989)).[5]

---

[4] The Supreme Court, although it has noted the split of authority in the Circuits regarding pleading requirements for § 1983 claims, has not addressed the issue before us. *Hafer v. Melo*, 502 U.S. 21, 24 n.* (1991) (collecting cases and expressly declining to decide an issue not properly before the Court).  The *Hafer* Court indicated, however, "that '[i]t is obviously preferable for the plaintiff to be specific *in the first instance* to avoid any ambiguity.'"  *Id.* (quoting *Hafer v. Melo*, 912 F.2d 628, 636 n.7 (3d Cir. 1990)) (emphasis added).

[5] The majority "acknowledges" the officers' reading of *Wells* as adopting the Eighth Circuit's rule presuming an official capacity suit absent an express statement to the contrary, but "find[s] the more reasonable interpretation to be that § 1983 plaintiffs must clearly notify defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction." *Ante,* at 6-7.  I have a hard time understanding this gloss on the plain language of *Wells*:

> We *adopt* the Eighth Circuit's interpretation of *Will, which requires that plaintiffs seeking damages under § 1983 set forth clearly in their pleading* that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *See Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989).

*Wells*, 891 F.2d at 592 (emphases added).

Notably, in *Wells*, although we adopted the Eighth Circuit's rule, unlike that court, we did not require or suggest any "magic words" to be used in a complaint. *Compare Wells*, 891 F.2d at 593 (stating simply that "the face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees") *with Nix*, 879 F.2d at 431 ("[W]e have repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" (quoting *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir. 1984))).

---

said officers constituted the deprivation of the plaintiff's rights under color of state law prohibited by 42 U.S.C. 1983." Complaint, ¶ 8.  Under *Wells*, it must be assumed that in the § 1983 claim the defendants are being sued in their official capacity only.

The majority also relies on the allegation in Paragraph 11 that:  "The said officers, acting *for themselves and* for the City," behaved "with malice . . . and violated the plaintiff's civil rights." *Ante*, at 7 (quoting the Complaint, emphasis added by majority).   However, this allegation, fairly read, does not clearly set forth that the *§ 1983 claim* is against the officers in their individual capacities.  The full text of that paragraph provides:

> The said officers, acting for themselves and for the City, instituted all of the criminal charges against the plaintiff without probable cause and with malice.  The charges were not instituted for the proper purpose of bringing the plaintiff to justice, but to shield and cover up the wrongful actions of the said defendants as described above.  The said criminal prosecutions for contributing to the delinquency of a minor and aggravated assault have already been terminated in favor of the plaintiff, with the said charges being dismissed at the preliminary hearing.  The placing of said charges of contributing to the delinquency of a minor and aggravated assault constitute the torts of malicious prosecution and the abuse of process, and violated the plaintiff's civil rights enumerated above.

Complaint, § 11.  When viewed in full, it is apparent that Paragraph 11 sets forth state law claims of "the torts of malicious prosecution and abuse of process," and tacks on a reference to previously asserted civil rights, as stated in paragraphs 7 and 8.[15]   I simply do not see how such a vague

---

[15] Paragraph 7 provides:
The said officers used excessive and unreasonable force in arresting the plaintiff, and their actions, including both the arrest

Similarly, the terms "individual capacity" or "personal capacity" are also never mentioned  in the body of the Complaint.  Contrary to the majority's assertion that "[t]he complaint refers to the officers throughout as the (individual defendants), *ante*, at 7, the phrase is used only once, in the paragraph describing the parties to the action.  Again, the reference, without a designation to "individual capacity," does not clarify that the suit against the individual defendants was in their individual and not official capacities.  Under *Wells*, the "passing reference" to a government defendants' personal involvement asserting that they participated in certain events is not sufficient to notify them that they may be personally liable for damages.  *See Wells*, 891 F.2d at 593.

Furthermore, the full passage reads as follows: "The other individual defendants were at all times relevant to this action officers of the City of Harriman Police Department and *were acting in the course of their employment and in furtherance of the business of the City*."  Complaint, ¶ 1(c) (emphasis added).  This statement fairly implies that Plaintiff was suing the individual defendants in their capacity as agents of the Police Department.  This reading is reinforced in Paragraph 15 which explicitly states that the actions of the defendants were taken as part of  their official duties:  "At all times relevant to this action the said officers were employees and/or agents of the City of Harriman.  *All of the said actions of the said officers were taken in the course of and in the scope of their employment by the City*, for which the City and the defendant police chief Jenkins are liable vicariously, according to the principles of *respondeat superior*." *Id.*, ¶ 15 (Emphases added.)   Even under the majority's selectively-chosen case law, this does not serve as sufficient notice. Indeed, in *Pelfrey* we found the pleading at issue provided sufficient notice of the fact that the defendants were being sued in their individual capacity in part because it "stated that the defendants acted *outside* the scope of their employment." *Pelfrey*, 43 F.3d at 1038 (emphasis added).

Paragraph 8 sets forth the § 1983 claim.  Paragraph 8 states (and it states nothing else) the following: "The actions of the

As the majority observes, *Wells* based its holding on two fundamental concerns: the Eleventh Amendment bar to suits against a state in federal court, and notice to defendants that personal assets may be at risk in a cause of action.  Regarding the threshold issue of jurisdiction, we stated:

Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the grounds for jurisdiction and relief.  Although Rule 8 has liberalized pleading, it should not be read to alter the *jurisdiction* of federal courts.  Read together with the jurisdictional limits of Rule 9(a), even liberalized pleading under Rule 8(a) cannot confer jurisdiction on this Court to entertain suits against states and state officials when the Eleventh Amendment bars us from doing so.  Rule 9(a) provides in pertinent part:

(a) Capacity.  It is not necessary to aver the capacity of the party to sue or be sued . . . *except to the extent required to show the jurisdiction of the court.* (emphasis added).

Accordingly, because the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) to *require* plaintiffs to properly allege capacity in their complaint.

*Id.* at 593 (citations omitted).[6]

As for notice to the defendants, we stated that

[a]lthough modern pleading is less rigid than in an earlier day, *see Conley v. Gibson*, 355 U.S. 41, 45-46 . . . (1957), we have not let down all pleading barriers. It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.

*Id.* Notice of personal capacity in turn allows government defendants to avail themselves of the qualified immunity defense. We explained the policy rationale of the qualified immunity doctrine, i.e., the "desire to shield public officials from diverting their energies through the forced defense of challenges to their actions taken in their governmental capacities," and the related requirement that those who are entitled to such immunity "should be granted that immunity at the earliest possible stage of the case." *Id.* at 593-594 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This means resolving the immunity question prior to discovery. *Id.* at 593 (citing *Harlow*, 457 U.S. at 818).[7]

---

[6] This case does not implicate the Eleventh Amendment because only municipal defendants were sued. However, the second *Wells* rationale applies, regardless of the state or local status of the defendants, and the case law has applied it as such.

[7] We added that:
    This principle is reinforced by the fact that in recent years an increasingly large number of frivolous cases have been filed in federal court– both by lawyers and *pro se.* Many of these suits waste the time of public officials, lawyers and the courts. Minimum pleading requirements are needed, even for *pro se* plaintiffs, whose lawsuits now comprise more than 1000 or almost 25% of the appeals filed in this Court. It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, some of whom file several appeals each year with us, alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the

the majority's expansive "course of proceedings" test, the district court's dismissal of plaintiff's complaint was proper.

I begin, as I must under either test, with Plaintiff's Complaint, which is set forth in its entirety as an appendix to this opinion. The caption of the Complaint reads as follows:

Ralph Moore, Jr.
521 Sheldon Rd.
Harriman, TN 37748

    Plaintiff

vs.

City of Harriman, Tennessee, Harriman Police Department, Roy Jenkins, Chief of Police, Darren McBroom, Terry Fink, Randy Heidle, Virgil McCart, and Jerry Singleton
    Harriman Police Department
    302 Roane St.
    Harriman, TN 37748

    Defendants

As noted, the caption does not indicate the capacity of any of the defendants. However, the majority finds significance in the fact that the Complaint lists only the officers' names, not their official titles. I do not know that this signifies anything. Entities can only act through their agents, *see Poindexter v. Greenhow*, 114 U.S. 270, 288 (1885) ("[t]he State is a political corporate body, [and] can only act through agents"). Thus, "official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also id.* at 27 (noting that "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them").

The course of proceedings test does not guarantee substantial justice for defendants because it allows a plaintiff to belatedly salvage an ambiguous or even nonexistent assertion of capacity. A defendant, to his surprise, might learn for the first time in a response to a summary judgment motion that he may be personally liable for money damages. *Cf. Abdur-Rahman*, 65 F.3d at 491. Such a result is costly and inefficient because the defendant would have to conduct additional discovery and motion practice, and revise his trial preparation and strategy. All of this can be avoided, however, if the plaintiff follows the rules and pleads capacity properly in the complaint. The defendant can then raise the affirmative defense of qualified immunity in his very first pleading, be it an answer or motion to dismiss, and then conduct discovery and motion practice if necessary. Judicial resources would also be conserved.

The *Wells* rule, as it has been consistently applied in this Circuit to require clear notice of individual capacity in the pleadings, promotes fundamental jurisdictional and jurisprudential doctrines. The course of proceedings test does not. For this reason, I submit that the rule crafted by the majority is ill-advised.

### III.

The Complaint fails to allege personal capacity under *Wells* and progeny because it does not clearly plead it. Indeed, it does not use the term "capacity" at all. However, even under

---

relate back when the amendment is one that changes a party, the intended party did not receive notice within the period for service of process under Rule 4(m), i.e., 120 days, there is prejudice to the party to be brought in, and the intended party did not know or have reason to know that, but for a mistake, the action would have been brought against him. Fed. R. Civ. P. 15(c)(3).

  I need not illustrate the point through every rule, but it is apparent that the Federal Rules of Civil Procedure balance the competing interests of plaintiffs and defendants by setting up an orderly and finite procedure from complaint to judgment.

---

Thus, in *Wells*, we concluded that "[t]he passing reference to these corrections officials' 'personal involvement in this complaint' assert[ing] that they knew of and participated in certain events . . . [did] not convert th[e] lawsuit against the defendants' offices to one that sufficiently alerts these officials that they may be personally accountable for any damages liability that may flow from plaintiffs' due process claim." *Id.* at 593. Because the plaintiffs' complaint did not meet the *Nix* test of clearly pleading that defendants were being sued in their individual capacity for damages, we affirmed the district court's grant of summary judgment and dismissed the appeal for lack of subject matter jurisdiction. *Id.* at 592.

Contrary to the majority's characterization of our case law, we have *not* applied a "course of proceedings" test but instead have strictly followed *Wells's* requirement that § 1983 plaintiffs clearly plead "individual capacity" in the complaint.[8] In the first published case to apply *Wells*,

---

nature of the claim asserted. *See Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975).
*Wells*, 891 F.2d at 594.

  [8] In support of its assertion that we have never read *Wells* to establish a per se rule requiring § 1983 plaintiff to affirmative plead "individual capacity" in the complaint, the majority cites *Brooks v. American Broadcasting Cos.*, 932 F.2d 495 (6th Cir. 1991), as reaffirming that "[a]ll a [§ 1983] complaint need do is afford the defendant 'fair notice of what the *claim* is and the grounds upon which it rests.'" *Id.* at 497 (quoting *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988) (emphasis added)). *Brooks* does not cite either *Wells* or *Whittington*. Perhaps that is because capacity was not at issue in *Brooks*. Rather, the issue in *Brooks* was the legal basis for his § 1981 and § 1985 claims. We concluded on both counts that the plaintiff's allegations were too vague and conclusory to withstand a motion to dismiss. *Id.* at 497-99. Similarly, in *Duncan*, at issue was "the sufficiency of the allegations in a complaint for an action under section 1983." *Duncan*, 840 F.2d at 361. More specifically, the issue was whether the plaintiff adequately alleged that the defendants' actions were taken "under color of law" as required *to state a claim* under § 1983. Again, capacity was not an issue. Thus, the majority's reliance on these two cases is not only inappropriate, it is disingenuous, given that

*Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (per curiam), we affirmed the district court's dismissal of the § 1983 claim against a county attorney, a warning officer attorney, and judge, stating that, "[u]nder *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), absent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities – county attorney, warning officer attorney, and judge, respectively. Because Mr. Whittington is seeking monetary relief only, his § 1983 claim against these officials cannot be sustained." *Whittington*, 928 F.2d at 193. In *Whittington*, only the notice rationale of *Wells* was implicated, because the suit was against local officials. Thus, in *Whittington*, we implicitly recognized the notice rationale as an independent basis for requiring that individual capacity be pleaded in the complaint.

---

there is ample Sixth Circuit authority on the issue of pleading capacity.

---

cover the legal fees or judgments of their employees for acts performed in their individual capacities. Such lawsuits not only affect these defendants' financial resources, but also have a great impact on their emotions and their reputations, both professional and personal. I find it strange that we ask all this of people who agree to perform public service, but then we fail to provide them the courtesy of early notice that they may be individually liable for acts arising out of that service.

The majority's approach is also inconsistent with the tenor of the Federal Rules of Civil Procedure. The fundamental purpose of the Rules is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (noting that Rule 56 of the Federal Rules of Civil Procedure is in accord with the primary purpose of Federal Rules as stated in Fed. R. Civ. P. 1). "The application of orderly rules of procedure does not require the sacrifice of fundamental justice, but rather the Rules must be construed to promote justice for both parties, not to defeat it. This mandate is met if substantial justice is accomplished between the parties." 1 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE, ¶ 1.21[1][a] (3d ed. 2001).[14]

---

[14]The concept of substantial justice for both parties through the orderly application of rules of procedure permeates the Rules. For example, the Rules provide that if service is not made upon a defendant within 120 days after the complaint if filed, the court shall dismiss the action without prejudice unless the plaintiff shows good cause. Rule 4 further allows amendments to summons. Fed. R. Civ. P. 4(a). This ensures defendants are timely notified of suits against them, but ensures an opportunity for plaintiffs to correct oversights. Rule 4 also offers opportunities for parties to save costs on cooperation regarding waiver of service. Fed. R. Civ. P. 4(d). A defendant has twenty days upon receipt of the summons and complaint to serve an answer, Fed. R. Civ. P. 12(a)(1), but may be subject to default if he fails to answer or otherwise defend the action. Fed. R. Civ. P. 55(a). A defaulted defendant, however, has two avenues of recourse, under Fed. R. Civ. P. 55(c) and 60(b).

The Rules are also liberal in allowing a party to amend his pleading. *See* Fed. R. Civ. P. 15(a). At the same time, however, an amendment, even one that pertains to the same transaction or occurrence, does not

government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties"); *see also Wyatt v. Cole*, 504 U.S. 158, 167-68 (1992) (noting that Supreme Court has consistently recognized qualified immunity for government officials "where it was necessary to preserve their ability to serve the public good or to ensure that talented candidates were not deterred by the threat of damages suits from entering public service"; listing cases). Under the course of proceedings analysis, the protections of the qualified immunity doctrine are largely lost.

The majority's new rule inexplicably tips the balance in favor of inept pleading and improperly places the burden on government defendants to ferret out whether they are being sued personally. The practical effect of the majority's test is that every government defendant, when faced with an ambiguous complaint, a complaint that is silent on the question of capacity, or even a complaint that clearly only alleges an official capacity suit, will have to file a motion for a more definite statement in order to ensure that they are *not* being sued in their individual capacity. The plaintiff is the master of his complaint, and it is not too much to ask that he plead his claims properly. *Cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (observing "the paramount policies embodied in the well-pleaded complaint rule--that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court"). Nor should we allow lax plaintiffs to put courts in the position of divining whether a defendant should have understood that he was being sued in his personal capacity. As we stated in *Wells*, "the trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594.

We as a nation encourage public service. However, public service often means lower pay than a position in the private sector. Furthermore, many government agencies do not

Next[9], in *Hardin v. Straub*, 954 F.2d 1193 (6th Cir. 1992), which involved a state prison official as defendant, we noted

---

[9] *Ritchie v. Wickstrom*, 938 F.3d 689 (6th Cir. 1991), was actually the next published decision applying *Wells*. However, the opinion does not shed much light on *Wells*. Without discussing the specific language of the complaint, we held that:

> When the foregoing is used as the analytical tool to evaluate plaintiff's claim in the case at bar, it becomes instantly clear that the suit against corrections officer Wickstrom is an "individual capacity" suit not subject to eleventh amendment protections.[5] Similarly, we believe the suit against Koehler is an "individual capacity" suit, notwithstanding that no "hands on" misconduct is claimed.
>
> 5. We do not find this holding to be inconsistent with *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), when *Wells* is read against the clear mandate of the relevant Supreme Court decisions.

*Id.* at 692.

A full reading of *Ritchie* reveals that the focus of that opinion was to clarify the Sixth Circuit's interpretation of Eleventh Amendment immunity. Prior to *Hafer*, this Court had issued an opinion, *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936 (6th Cir. 1990), in which we dismissed claims against individual defendants, holding that the claim was an "official capacity" claim and, thus, was really an attempt to collect money damages against the university, a state agency with Eleventh Amendment immunity. In *Hafer*, the Supreme Court characterized *Cowan* as endorsing the view that state officials may not be held liable in their personal capacity for actions they take in their official capacity. *See Hafer*, 502 U.S. at 27.

In *Ritchie*, Judge Guy, who was also the author of *Cowan*, clarified that this was not what *Cowan* held.

> The decision in *Cowan*, of which I was the author, is being misinterpreted by the defendants. . . . *Cowan* does not stand for the proposition that every time a state official is charged with misconduct while acting within the general ambit of his job title eleventh amendment immunity comes into play. All that was intended in *Cowan* was to indicate that in that case the two individual defendants were merely carrying out state policy and, as such, the suit was no different than if it was brought solely against the state.

*Ritchie*, 938 F.2d at 692. As we observed in *Hardin*: "*Ritchie* demonstrates that the law of this circuit was consistent with the interpretation of Eleventh Amendment immunity adopted by this Court in *Hafer*." *Hardin*, 954 F.2d at 1200 n.2.

In short, *Ritchie* is not particularly relevant in this case.

that *Wells* requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Id.* at 1199 (quoting *Wells*, 891 F.2d at 592). The *Hardin* court found that the plaintiff in that case had satisfied the *Wells* requirement, since the complaint stated that "'Defendant Straub is being sued in his individual capacity on the plaintiff's claim for damages and both in his individual and official capacity on the plaintiff's claim for injunctive relief.'" *Id.* at 1200 (quoting complaint).

In *Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993), the plaintiff sued a county police officer under § 1983 for damages, but clearly set forth in her complaint that he was being sued "*not as an individual*, but rather under the color and pretense of the title of his office; under the authority of his office as a police officer; *clearly within the expressed and implied powers of his official capacity*." *Id.* at 849. The district court therefore treated the complaint as against O'Hara in his official capacity only, and granted summary judgment. The district court later allowed the plaintiff to amend the complaint to name the officer in his individual capacity, however, despite the fact that the one-year statute of limitations had run. *Id.* The court granted summary judgment to the police officer on qualified immunity grounds. *Id.* On appeal, this Court found that the district court erred in allowing the amendment. *Id.* at 850.

Invoking *Wells,* we remarked:

This court has recognized the importance of giving defendants notice of the capacity in which they are being sued. In *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), this court stated:

[T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. Although modern pleading is less rigid than in an earlier day, we have not let down all pleading barriers. It is not too much

protections of the doctrine, which provides an immunity not only from liability, but from suit. *See Harlow*, *supra* [12]; *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (qualified immunity provides not merely immunity from liability, but an "immunity from suit"); *English*, 23 F.3d at 1089.[13] This in turn defeats the longstanding public policy of encouraging public service by protecting government officials from frivolous but nonetheless debilitating litigation. *See, e.g., Harlow*, 457 U.S. at 816 (observing that substantial costs attend the litigation against public officials, including "the general costs of subjecting officials to the risks of trial-- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service"); *Mitchell,* 472 U.S. at 526 (same; quoting *Harlow*); *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("permitting damage suits against

---

assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial.

*English*, 23 F.3d at 1090 (citations, quotations, and footnote omitted).

[12]In *Harlow*, the Supreme Court altered the standard of qualified immunity by defining immunity in wholly objective terms, unlike earlier cases which used a subjective, good-faith defense, because the subjective test "frequently [had] proved incompatible with our admonition . . . that insubstantial claims should not proceed to trial." *Harlow*, 457 U.S. at 815-16. Thus, *Harlow* held that government officials performing discretionary functions "are shielded from liability for civil damages insofar as their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. The Court concluded that this objective standard would "avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.*

[13]It is for this reason that denials of qualified immunity are immediately appealable, because an error below cannot be remedied post-judgment on appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

jurisdiction; they exercise only that authority conferred on them by Article III and congressional enactments pursuant thereto).

Similarly, the notice rationale serves to alert defendants at the lawsuit's inception whether they will be personally liable for damages. Without such timely notice defendants might rely on their governmental employer, fail to answer, and be subject to default judgment in their personal capacities. Further, without early notice government defendants cannot properly decide whether to retain independent counsel or to participate in collective defense strategies or settlement negotiations. Nor would the individual defendants be able to assess how best to engage in discovery. Under the course of proceedings analysis, individual capacity defendants are deprived of the ability to make a multitude of decisions regarding their own defense.

Without that notice, a government defendant may also fail to plead the affirmative defense of qualified immunity and thereby waive the defense. *See Harlow*, 457 U.S. at 815 (qualified immunity is an affirmative defense which must be pled); *English v. Dyke*, 23 F.3d 1086, 1089-90 (6th Cir. 1994).[11] By waiving the defense, the defendant may lose the

---

[11] As *English* makes clear:

Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense. The defense is subject to the same procedural rules as other defenses. Thus, as this Court recently held in an unpublished opinion, a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second *pre-answer* motion to dismiss. In addition, a defendant may waive his right to appeal a denial of qualified immunity if he fails to file a timely appeal. Moreover, the trial court has discretion to find a waiver if a defendant fails to assert the defense within time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes. Such a waiver, however, need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted. Thus, for example, a defendant who fails to timely

---

to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.

*Id.* at 593 (citations omitted).

*Id.* at 850. We found that the original complaint "clearly fail[ed] to comport with the requirement of *Wells* that a defendant be 'clearly notified of the potential for payment of damages individually.'" *Id.* (quoting *Wells*, 891 F.2d at 593). We also cited the policy considerations we had previously discussed in *Wells*.

Furthermore, the distinction between an official capacity and an individual capacity suit is significant. As the dissent in *Hill v. Shelander* noted, "an amendment in a defendant's capacity in a lawsuit under 42 U.S.C. § 1983 alters the elements of recovery and defense . . . [and] require[s] major changes in pleading, discovery, trial preparation and selection and location of witnesses to testify at trial." 924 F.2d 1370, 1384 (7th Cir. 1991) (Coffey, J., dissenting). As O'Hara argues, knowledge that he was being sued personally may have prompted him to develop a much different legal strategy. Thus, we must conclude that he did not have such notice within 120 days of the filing of the complaint as to preclude prejudice in the preparation of his defense.

*Id.*

In *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376 (6th Cir. 1993), several Michigan corporations sued the Revenue Division of the Michigan Department of the Treasury, the Treasurer of the State of Michigan in his official capacity, and the Commissioner of Revenue of the State of Michigan in his official capacity, seeking declaratory, injunctive, and monetary relief. This court affirmed the district court's dismissal of the plaintiff's motion to amend to add a § 1983 claim against, *inter alia*, the named officials because an amendment would be futile:

This Court has held that section 1983 plaintiffs must clearly set forth in their pleadings that they are suing the officials in their individual capacities for damages, not simply in their capacities as state officials. *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1999); *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Failure to clearly name the officials in their individual capacities mandates the conclusion that jurisdiction is lacking over any possible claims against the officials in their individual capacities. *Id.* at 593-94.

*Id.* at 383.

Similarly, in *Soper ex rel. Soper v. Hoben*, 195 F.3d 845 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262 (2000), we observed:

Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. *See Hardin v. Straub,* 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir. 1989).

*Id.* at 853. There, we found that the plaintiffs had failed to designate in which capacity they sued the defendants. Notwithstanding, we affirmed the dismissal on other grounds because the pleading issue was not briefed by the parties. *Id. See also Matthews v. Jones*, 35 F.3d 1046, 1049 n.1 (6th Cir. 1994) (noting that despite claims which could be construed as against the officer in his individual capacity, the officer was joined only in his official capacity so that *Wells* was not met); *cf. Sanderfer v. Nichols*, 62 F.3d 151, 152 n.1 (6th Cir. 1995) (assuming court-ordered substitution of party in her individual capacity given *Wells* standard and in light of the court's simultaneous rulings; reversing denial of defendant's motion for summary judgment).

In short, our published decisions (with two exceptions which I will discuss momentarily) illustrate that the *Wells* rule

at *1-2 (plaintiff failed to clarify capacity after more than three months).

With one minor exception, the majority's decision is contrary to long-standing Sixth Circuit precedent. Although the majority pays lip-service to the *Wells* rule, what it is really doing is adopting a course of proceedings test. It is disingenuous to do so without explicitly overruling *Wells.* In my view, it is *Abdur-Rahman* that should be overruled.

## II.

Because we are sitting en banc, we of course are free to establish a new rule. However, there are no solid reasons for modifying the *Wells* rule. First of all, the majority's decision makes no sense. Needless to say, if it takes a significant course of proceedings to clarify the capacity in which the defendants are sued, then capacity could not have been clearly pled in the first instance. *Wells* and the course of proceedings test are inconsistent with each other.

More importantly, the *Wells* rule gives effect to important jurisdictional and jurisprudential concerns. The course of proceedings analysis subverts these principles. If a state actor is sued for damages, the federal court may not have jurisdiction because of the Eleventh Amendment, unless the suit is against the official in his individual capacity. Because it may have no authority to act, a federal court must determine at the outset whether it has jurisdiction to decide the case. *See, e.g., United States v. United Mine Workers of America*, 330 U.S. 258, 291 (1947) (courts have jurisdiction to determine their own jurisdiction); *Fireman's Fund Ins. Co. v. Railway Express Agency*, 253 F.2d 780, 784 (6th Cir. 1958); *Sphere Drake Ins. Ltd. v. All American Ins. Co.,* 256 F.3d 587, 591 (7th Cir. July 3, 2001). Yet the majority rule potentially allows a court to exercise jurisdiction that it may not really have during the protracted "course of proceedings." In short, the course of proceedings test advanced by the majority is in tension with the concept of limited federal jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (federal courts are courts of limited

In his complaint, Rahman did not state in what capacity he sued McGinnis. However, in his reply to McGinnis's motion for summary judgment, Rahman makes clear that he intended to sue McGinnis in his individual and official capacities. Under *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, . . . 115 S. Ct. 2269 (1995), Rahman's response to McGinnis's motion for summary judgment is sufficient notice to McGinnis that he is being sued in his individual capacity.

*Id.*

*Abdur-Rahman* cannot be reconciled with *Wells*. It is undisputed that the complaint did not indicate capacity. Thus, under *Wells*, by operation of law the defendant was sued in his official capacity only. Further, the defendant in *Abdur-Rahman* did not receive notice that he was being sued in his individual capacity until the plaintiff filed his response to the defendant's motion for summary judgment, obviously outside of pleading and after discovery had closed. Thus, the ruling in *Abdur-Rahman* also runs afoul of the notice rationale of *Wells*, because the defendant would not have been able to develop a legal strategy consistent with a personal capacity suit, let alone avoid suit altogether by invoking qualified immunity. For this latter reason *Abdur-Rahman* is also inconsistent with *Pelfrey*, and its reliance on that case is therefore improper. Finally, although the majority fails to note it, *Abdur-Rahman* is merely a published order, and, as such, is entitled to less weight than other published opinions.

In sum, apart from *Pelfrey* and *Abdur-Rahman*, we have strictly applied the *Wells* standard. Moreover, the dearth of reference to *Pelfrey* in our precedent illustrates that we have construed that case narrowly and kept it constrained to its peculiar facts. Indeed, the few references to *Pelfrey* in our unpublished cases demonstrate that we generally view the case as requiring affirmative conduct on the part of the plaintiff to clarify the nature of his suit in a timely manner. *See, e.g., Cummings*, 1998 WL 30803, at *1-2 (plaintiff never acted to clarify capacity); *Harvest*, 1996 WL 733130,

requiring the plaintiff to clearly plead individual capacity in the pleadings has been strictly and consistently followed.

Our unpublished decisions likewise demonstrate that, for over a decade, we have strictly applied the *Wells* standard to require that the plaintiff affirmatively plead capacity in the complaint as a predicate to monetary relief. *See, e.g., Chenault v. Tenn. Dep't of Mental Health*, 248 F.3d 1147, 2001 U.S. App. LEXIS 3932, at *3 (6th Cir. 2001) (order) (because complaint did not indicate that the defendants were being sued personally, court assumed that they were sued in their official capacity as state employees; citing *Wells*), *petition for cert. filed*, 69 U.S.L.W. 3780 (June 5, 2001) (No. 00-1823); *Jasman v. Schmidt*, 248 F.3d 1149, 2001 WL 128430, at *1 (6th Cir. 2001) (affirming district court's holding that defendants were immune from monetary damages because the plaintiff failed to allege capacity; citing *Wells*); *Lillie v. Egelhoff*, 238 F.3d 422, 2000 WL 1829015, at *1 (6th Cir. 2000) (order) (same), *cert. denied*, 121 S. Ct. 1392 (2001); *Miles v. Booth*, 238 F.3d 422, 2000 WL 1800565, at *3 (6th Cir. 2000) (order) (same); *Turnboe v. Stegall*, 234 F.3d 1270, 2000 WL 1679478, at *2 (6th Cir. 2000) (order) (same), *cert. denied*, 121 S. Ct. 1616 (2001); *Ashiegbu v. Williams*, 229 F.3d 1150, 2000 WL 1206563, at *1 (6th Cir. 2000) (order) (same), *cert. dismissed*, 121 S. Ct. 845 (2001); *Green v. Waldren*, 221 F.3d 1334, 2000 WL 876765, at *2 (6th Cir. 2000) (order) (same); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *2 (6th Cir. 2000) (order) (same); *Jones v. Porter*, 211 F.3d 1269, 2000 WL 572059, at *1-2 (6th Cir. 2000) (order) (holding that district court did not err by failing to construe the complaint as alleging an abuse of process claim; citing *Wells*); *Marceaux v. Ramsey*, 208 F.3d 214, 2000 WL 282881, at *1 (6th Cir. 2000) (holding that defendants were sued in their official capacities because complaint failed to specify capacity; citing *Wells*); *Avery v. Nicol*, 208 F.3d 212, 2000 WL 282903, at *1 (6th Cir. 2000) (holding that suit seeking money damages could proceed against defendants because complaint alleged that defendants were sued in their individual capacity; citing *Wells* ); *Van Martin v. Newkirk*,

210 F.3d 373, 2000 WL 178399, at *2 (6th Cir. 2000) (holding that district court properly dismissed money damages suit because plaintiff failed to specify capacity in which he was suing defendants; citing *Wells*); *Siller v. Cruise*, 202 F.3d 270, 1999 WL 1281774, at *1 (6th Cir. 1999) (affirming dismissal of damages action because defendants were sued only in their official capacity as state employees; citing *Wells*); *Shaw v. Michigan*, 202 F.3d 270, 1999 WL 1253082, at *1 (6th Cir. 1999) (same); *Abdur-Reheem-X v. McGinnis*, 198 F.3d 244, 1999 WL 1045069, at *1 (6th Cir. 1999) (order) (holding that money damages claim could proceed as to some defendants who were sued in their individual capacities; citing *Wells*); *Noble v. Sapp*, 198 F.3d 246, 1999 WL 1045090, at *1 (6th Cir. 1999) (order) (holding that district court properly dismissed suit to extent it demanded money damages against defendants in their official capacities, but suit for money damages could proceed against defendants to extent they were sued in their individual capacities; citing *Wells* ); *Graham v. Mercer*, 198 F.3d 245, 1999 WL 1045103, at *1 (6th Cir. 1999) (order) (holding state defendants were not subject to suit for monetary damages because the plaintiff failed to designate capacity; thus it was assumed that they were sued in their official capacity; citing *Wells*); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, at *1 (6th Cir. 1999) (order) (same), *cert. denied*, 531 U.S. 904 (2000); *Still v. Wilkinson*, 194 F.3d 1314, 1999 WL 801577, at *1-2 (6th Cir. 1999) (order) (holding *Wells* met in the plaintiff's third claim because he specified in his pro se complaint that he was suing defendants in their individual capacities; noting also that the plaintiff again expressed his intent to sue the defendants in their individual capacities in his response to the defendants' motion for summary judgment; citing *Abdur-Rahman*); *Scott v. Kinkela*, 191 F.3d 453, 1999 WL 776313, at *2 (6th Cir. 1999) (*Wells* not met because plaintiff failed to plead capacity); *Cole v. Smith*, 188 F.3d 506, 1999 WL 685940, at *1 n.1 (6th Cir. 1999) (per curiam) (same; nevertheless addressing both capacities where neither parties nor court addressed *Wells* and upholding dismissal of the action); *Knecht v. Collins*, 187 F.3d 636, 1999 WL 427173, at *2 (6th Cir. 1999) (per curiam) (*Wells* not met because

pleading, we believe that defendants were given *sufficient* notice of the fact that they were being sued in their individual capacity." *Id.* (emphasis added). Furthermore, because the plaintiff's case was dismissed at an early stage in the proceedings, the failure to plead capacity could be cured by an amendment to the complaint under Fed. R. Civ. P. 15(a). *Id.*

The *Pelfrey* court premised its ruling on the fact that the defendants received "sufficient" notice that they were being sued in their individual capacities; namely only one month after the complaint had been filed, and well within the time for amendment of the complaint. In so ruling, the *Pelfrey* court expressly tied its holding to the notice rationale of *Wells*. Thus, although not in strict compliance with the rule of *Wells*, *Pelfrey* is consistent with *Wells* because it satisfied one of the overarching goals of *Wells* – to provide early notice to defendants of the potential for individual liability.[10]

The *Pelfrey* court never used  the term "course of proceedings," or cited to any other Circuit that had adopted such a rule. Rather, it represents a narrow exception to the *Wells* rule, limited by  the peculiar facts of that case; namely the plaintiff's clarifying motion, filed only one month after the complaint.  *Pelfrey* cannot be read as adopting a broad "course of proceedings" test.

The other case relied on by the majority – indeed the one the majority deems controlling – is *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489 (6th Cir. 1995) (order). In *Abdur-Rahman*, Abdur-Rahman, a pro se prisoner, sued the Michigan Department of Corrections and Kenneth McGinnis, the Director of the Department. The plaintiff did not indicate the individual defendant's capacity. *Id.* at 491. Without referring to *Wells*, the court ruled:

---

[10]Curiously, the *Pelfrey* court did not discuss the Eleventh Amendment, even though the defendant officers were state employees. The oversight is difficult to understand, given the jurisdictional implications.

considered by panels in determining whether a decision will be designated for publication; including *inter alia*, "whether it establishes a new rule of law, or alters or modifies an existing rule of law, or applies an established rule to a novel fact situation").

Ironically, the majority relies on the only two decisions which deviate from a straightforward application of the *Wells* rule. In *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir. 1995), the defendants, state corrections officials, argued that the plaintiff's § 1983 complaint should be dismissed under *Wells* because the plaintiff's complaint did not specify that he was suing the defendant correctional officers in their individual capacities.  *Id.* at 1037-38.  The district court dismissed the complaint, and the plaintiff appealed.  This Court reversed.

The *Pelfrey* court acknowledged the rule of *Wells*, as well as its rationale:

In *Wells,* this Court held that inmates seeking damages under § 1983 were required to set forth clearly in their pleadings that they were suing state officials in their individual capacities as state officials.  The rationale behind this requirement was to afford state officials *sufficient* notice of the fact that they could be held personally liable for the payment of any damage award obtained by the plaintiff.  Absent specific notice, the court held that it would construe an ambiguous complaint as a complaint against the officers in their official capacities.

*Id.* at 1038 (citations omitted) (emphasis added).  *Pelfrey* nonetheless distinguished *Wells*, even though the complaint did not specify whether the defendants were being sued in their individual or official capacities, because one month after the complaint was filed, the plaintiff filed a motion to bar the Ohio Attorney General from representing the defendants. Further, in the motion, the plaintiff specifically stated that the defendants acted outside the scope of their employment and in bad faith. *Id.*  The *Pelfrey* court ruled that, "[b]ased on this

second amended complaint did not name defendant in his individual capacity); *Dixon v. Nusholtz*, 187 F.3d 635, 1999 WL 507031, at *1 (6th Cir. 1999) (because the plaintiff did not specify the capacity in which he sued the defendant, it was presumed under *Wells* that the defendant was sued in his official capacity); *Buckner v. Woods*, 187 F.3d 634, 1999 WL 506982, at *1 (6th Cir. 1999) (same);  *Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *1 (6th Cir. 1999) (same); *Martin v. Million*, 178 F.3d 1295, 1999 WL 196520, at *1 (6th Cir. 1999) (complaint named the defendants in their official capacities; affirming the district court's sua sponte dismissal for failure to state a claim because defendant prison employees are not "persons" subject to suit in their official capacities; citing *Will* and *Wells*); *Rush v. Coyle*, 178 F.3d 1296, 1999 WL 220131, at *1 (6th Cir. 1999) (holding that district court dismissal of complaint was appropriate because the complaint did not indicate that the warden was sued personally, and under *Wells* it must be assumed that he was sued in his official capacity and therefore not subject to damages under 1983); *Lutchey v. Ohio*, 173 F.3d 429, 1999 WL 96741, at *2 (6th Cir. 1999) (same); *Boyd v. Myers*, 173 F.3d 428, 1999 WL 97000, at *1 (6th Cir. 1999) (same); *Blackshear v. Russell*, 173 F.3d 854, 1999 WL 98515, at *1 (6th Cir.) (same), *cert. denied*, 528 U.S. 848 (1999) ; *Kellon v. Smith*, 172 F.3d 873, 1999 WL 68680, at *1 n.2 (6th Cir. 1999) (per curiam) (same); *McClennon v. Bell*, 168 F.3d 490, 1998 WL 792047, at *2 (6th Cir. 1998) (order) (same); *Burrell v. Sumner*, 166 F.3d 1213, 1998 WL 786979, at *1 (6th Cir. 1998) (same); *Fennell v. Simmons*, 162 F.3d 1161, 1998 WL 552830, at *2-3 (6th Cir. 1998) (Nelson, J.,) (dismissing appeal on jurisdictional grounds because the complaint failed to clearly set forth that the plaintiff was suing the state defendants in their individual capacities; citing *Wells*); *Young v. Ward*, 149 F.3d 1185, 1998 WL 384564, at *1 (6th Cir. 1998) (order) (affirming grant of summary judgment, noting that the plaintiff did not specify the capacity that he was suing the defendants in their individual capacities, and under *Wells* defendants would be considered as sued in their official capacities);  *Brown v. Glover*, 156 F.3d 1228, 1998 WL 415831, at *1 (6th Cir. 1998) (order) (same);

*Walker v. Chattanooga Police Dep't*, 145 F.3d 1335, 1998 WL 246033, at *1 (6th Cir. 1998) (same) (affirming district court judgment dismissing suit seeking monetary relief, noting that the plaintiff failed to specify capacity, and absent such, a state official will be construed as sued in his official capacity; citing *Wells*); *Morris v. Metrish*, 145 F.3d 1332, 1998 WL 246454, at *2 (6th Cir. 1998) (affirming dismissal of complaint seeking solely monetary damages under § 1983 because the plaintiff did not specify that he was suing the defendant in her individual capacity, and that under *Wells* it must be assumed that the defendant was sued in official capacity only); *Tweed v. Wilkinson*, 145 F.3d 1333, 1998 WL 228054, at *2 (6th Cir. 1998) (same); *Browner v. Maynard*, 145 F.3d 1330, 1998 WL 211797, at *1 (6th Cir. 1998) (same); *Browner v. Hill*, 142 F.3d 432, 1998 WL 124041, at *1 (6th Cir. 1998) (order) (same); *Cummings v. Wilkerson*, 134 F.3d 370, 1998 WL 30803, at *1-2 (6th Cir. 1998) (Ryan, J.) (holding that the plaintiff's suit for money damages was barred by the Eleventh Amendment because the complaint failed to clearly indicate that he was suing the state defendants in their individual capacities; distinguishing *Pelfrey* on grounds that in case *sub judice* the defendants moved for dismissal, not the plaintiff, and disallowing third amendment to complaint); *Strader v. Campbell*, 134 F.3d 372, 1997 WL 809939, at *1 (6th Cir. 1997) (order) (limiting suit to equitable portions of second and tenth claims because the plaintiff did not specify the capacity in which he sued defendant prison officials, invoking *Wells*); *Clemons v. Frassetto*, 132 F.3d 32, 1997 WL 778121, at *1 (6th Cir. 1997) (order) (upholding dismissal of complaint in part because state the plaintiff did not specify that he was suing the state defendants for monetary damages in their individual capacities, citing *Wells*); *Powers v. Zimmerman*, 129 F.3d 1265, 1997 WL 704944, at *1 (6th Cir. 1997) (same); *Wimberly v. Leavell*, 110 F.3d 66, 1997 WL 135578, at *1 (6th Cir. 1997) (order) (affirming grant of summary judgment in part because the plaintiff did not specify the capacity in which he sued the defendant, citing *Wells*); *Hughes v. Collins*, 107 F.3d 870, 1997 WL 76210, at *1 (6th Cir. 1997) (order) (affirming dismissal of complaint for money damages because

complaint, which had at least one claim merely alleging individual conduct, then looking to subsequent conduct of parties to substantiate that defendants had notice); *Harris v. Morris*, 983 F.2d 1066, 1993 WL 2303, at *3-4 & n.2 (6th Cir. 1993) (per curiam) (noting that the plaintiff did not state in his complaint that he was suing any of the individual defendants in their official capacity and acknowledging the complaint was not a "model of clarity," but nonetheless holding that individual capacity was properly pled as to three defendants based on allegations in body of complaint stating, *inter alia*, that the defendants were aware of the plaintiff's complaints but failed to investigate, and that each of the defendants continually placed the plaintiff in life threatening situations); *Carr v. Blanchard*, 954 F.2d 724, 1992 WL 24900, at *1 (6th Cir. 1992) (order) (vacating dismissal on grounds of *Wells* and remanding for reconsideration because the plaintiff sought to amend his complaint to sue defendants in their individual capacity and court improperly denied the motion in light of *Hafer*); *Cox v. Sapp*, 908 F.2d 972, 1990 WL 106181, at *2 (6th Cir. 1990) (per curiam) (*Wells* not met, but construing complaint generously because it was filed prior to *Wells* and was only against the individual defendant and did not name the Commonwealth of Kentucky or any department as a party); *but see also Krusinski v. USDA*, 4 F.3d 994, 1993 WL 346858, at *3-4 (6th Cir. 1993) (per curiam) (reversing in part on grounds that each defendant was named individually in the complaint for actions exceeding scope of his official duties but without citation to *Wells*); *Id.* at at *5 (Suhrheinrich, J., dissenting) (noting complaint failed to indicate capacity as required by *Wells*; reviewing entire complaint).

The inescapable conclusion to be drawn from this catalog of published and unpublished decisions is this Court has predominantly viewed the *Wells* rule as requiring plaintiffs to affirmatively plead personal capacity in the complaint. That the bulk of these decisions are unpublished is significant because it suggests that numerous panels of this Court have perceived the application of the rule as routine. *Cf.* 6 Cir. R. 206 ("Publication of Decisions" – establishing criteria to be

damages; citing *Will*); *Green v. Smith*, 909 F.2d 1483, 1990 WL 115939, at *1 (6th Cir. 1990) (order) (same); *Carter v. Jones,* 905 F.2d 1537, 1990 WL 86699 (6th Cir. 1990) (order) (noting that dismissal was appropriate because the complaint completely failed to set forth clearly that the plaintiff was suing the state defendants in their individual capacity for damages; citing *Wells*); *Person v. Norris*, 904 F.2d 708, 1990 WL 75250, at *2 (6th Cir. 1990) (order) (same); *Haynie v. Tenn. State Penitentiary & Hosp.*, 904 F.2d 707, 1990 U.S. App. LEXIS 9938, at *2-3 (6th Cir. 1990) (order) (same); *Lowe v. Huffstutler*, 902 F.2d 1569, 1990 U.S. App. LEXIS 8351, at *5 (6th Cir. 1990) (order) (holding that the plaintiff was not entitled to collect money damages from any of the state defendants because he failed to allege that they were being sued personally rather than in their official capacities as state employees; citing *Will* and *Wells*); *Murphy v. Bently*, 902 F.2d 1569, 1990 WL 63554, at *1 (6th Cir. 1990) (order) (same); *See v. Wilkinson*, 902 F.2d 1569, 1990 U.S. App. LEXIS 7832, at * 2 (6th Cir. 1990) (order) (same); *Rice v. Doyle*, 902 F.2d 1569, 1990 U.S. App. LEXIS 7807, at *2 (6th Cir. 1990) (order) (same); *Taylor v. Shull*, 902 F.2d 35, 1990 U.S. App. LEXIS 7097, at *2 (6th Cir. 1990) (order) (same); *Haynie v. Bass*, 902 F.2d 33, 1990 WL 57239, at *1-2 (6th Cir. 1990) (order) (same); *Latham v. Ky. Corrs. Cabinet*, 900 F.2d 260, 1990 U.S. App. LEXIS 5915, at *2-3 (6th Cir. 1990) (same); *Hopkins v. Kerns*, 899 F.2d 1222, 1990 U.S. App. LEXIS 5277, at *4-5 (6th Cir. 1990) (order) (same); *Fite v. Hesson*, 898 F.2d 153, 1990 U.S. App. LEXIS 3974, at *3 (6th Cir. 1990) (order) (same); *Gibbs v. Norman*, 898 F.2d 153, 1990 U.S. App. LEXIS 3701, at *4, 7 (6th Cir. 1990) (order) (same); *Wilson v. Seiter*, 897 F.2d 530, 1990 U.S. App. LEXIS 3557, at *5 (6th Cir. 1990) (order) (same); *Johnson v. Mandenberg*, 893 F.2d 1334, 1990 WL 3815, at *3-4 (6th Cir. 1990) (per curiam) (holding that the *Wells* standard of clearly pleading individual capacity in the complaint was not met where the complaint merely averred that the defendants "were acting in their official capacities"and did not allege that they were sued in their individual capacities). *But see Perry v. Croucher*, 165 F.3d 28, 1998 WL 661151, at *7-8 (6th Cir. 1998) (looking first to

the plaintiff did not specify capacity in which the defendants were being sued, and under *Wells* "we regard them as having been sued in their official capacities"); *Harvest v. Randolf*, 104 F.3d 361, 1996 WL 733130, at *2 (6th Cir. 1996) (per curiam) (holding that state defendant shared absolute Eleventh Amendment immunity with state department of transportation because the complaint did not specify capacity in which he was sued, stating that "[u]nder the settled law of this Circuit, where a complaint seeking monetary damages against a state official under 42 U.S.C. § 1983 does not clearly state that the official is sued in his individual or personal capacity, the court must treat the lawsuit as one against the defendant in his official capacity," citing *Wells*, *Whittington, Hardin, Thikol*; distinguishing *Pelfrey* on the grounds that the plaintiff took no action to clarify capacity in more than three months after the defendants filed motions to dismiss); *Sharp v. Ray*, 103 F.3d 130, 1996 WL 721783, at *1 (6th Cir. 1996) (order) (holding that the defendant was not subject to suit for monetary damages because the plaintiff did not specify the capacity in which he sued the defendant, and it was therefore presumed that he was sued in his official capacity, citing *Wells*); *Na'im v. Bradley*, 103 F.3d 130, 1996 WL 719880, at *1 (6th Cir. 1996) (order) (same); *Sawyer v. Traughber*, 103 F.3d 130, 1996 WL 711593, at *1 (6th Cir. 1996) (order) (same); *Mullins v. Cranston*, 103 F.3d 130, 1996 WL 708241, at *1 (6th Cir. 1996) (order) (same); *Harris v. Muchnicki*, 101 F.3d 702, 1996 WL 665582, at *2 (6th Cir. 1996) (order) (same); *Mullins v. Zent*, 98 F.3d 1342, 1996 WL 583415, at *1 (6th Cir. 1996) (order) (same); *Alexander v. Margolis*, 98 F.3d 1341, 1996 WL 583365, at *1 (order) (holding that summary judgment to defendants was proper because the plaintiff sued the defendants in their official capacities for which monetary relief is not available, citing *Wells*); *Long v. McGinnis*, 97 F.3d 1452, 1996 WL 528943, at *2 (6th Cir. 1996) (per curiam) (*Wells* standard met for two defendants because the complaint specified that the two defendants were sued in both their official and individual capacities, but not met for a third defendant because the compliant did not indicate the capacity in which that defendant was sued); *Besser v. Wilkinson*, 97 F.3d 1451, 1996

WL 509463, at *1 (6th Cir. 1996) (order) (because the plaintiff did not specify the capacity in which he sued the state defendants for money damages, state official was construed to be sued in his official capacity under *Wells* and therefore not subject to suit for money damages); *Hodges v. Tennessee*, 95 F.3d 1152, 1996 WL 494277, at *1 (6th Cir. 1996) (order) (same); *Williams v. Secor*, 95 F.3d 1153, 1996 WL 469151, at *1 (6th Cir. 1996) (order) (same); *McManaway v. Sapienza*, 94 F.3d 645, 1996 WL 338602, at *1 (6th Cir. 1996) (order) (defendants were not subject to suit for monetary damages because the plaintiff only sued the defendants in their official capacities, citing *Will* and *Wells*); *Lyle v. Koole*, 89 F.3d 834, 1996 WL 316515, at *1 (6th Cir. 1996) (order) (because the plaintiff failed to allege in his complaint the capacity in which he was suing the defendant, the defendant was considered sued in his official capacity under *Wells* and not subject to suit for monetary damages); *Barrett v. Lane*, 83 F.3d 422, 1996 WL 196222, at *1 (6th Cir. 1996) (order) (same); *Wilson v. Lane*, 82 F.3d 419, 1996 WL 185788, at *1 (6th Cir. 1996) (order) (same); *Kersey v. Tenn. Bd. of Paroles*, 82 F.3d 418, 1996 WL 185779, at *1 (order) (same); *Hayden v. Combest*, 72 F.3d 129, 1995 WL 712801, at *1 (6th Cir. 1995) (order) (same); *Adams v. Upper*, 67 F.3d 299, 1995 WL 570915, at *1 (6th Cir. 1995) (order) (same); *Frederick v. Abramajtys*, 66 F.3d 325, 1995 WL 564321, at *1 (6th Cir. 1995) (order) (same); *Taylor v. Spier*, 57 F.3d 1070, 1995 WL 329450, at *1 (6th Cir. 1995) (order) (same); *Mercer v. Noble*, 52 F.3d 326, 1995 WL 234612, at *1 (6th Cir. 1995) (order) (same); *Sweet v. Sutherland*, 52 F.3d 326, 1995 WL 218458, at *2 (6th Cir. 1995) (order) (same); *Luna v. Sutherland*, 52 F.3d 325, 1995 WL 218452, at *2 (6th Cir. 1995) (order) (same); *Julian-Bey v. Upchurch*, 46 F.3d 1131, 1995 WL 45626, at *1 (6th Cir. 1995) (order) (same); *Hill v. Wilkinson*, 47 F.3d 1169, 1995 WL 37933, at *1 (6th Cir. 1995) (order) (same); *Callihan v. Kentucky*, 47 F.3d 1167, 1995 WL 27404, at *1 (6th Cir. 1995) (order) (same); *Berry v. O'Connell*, 42 F.3d 1388, 1994 WL 664943, at *1 (6th Cir. 1994) (same); *Thomas v. Mich. State Bd. of Law Exam'rs*, 41 F.3d 1508, 1994 WL 659148, at *2 (6th Cir. 1994) (order) (same); *Berry v. Allen*, 38 F.3d 1215, 1994 WL

(6th Cir. 1990) (order) (holding that the plaintiff could not avoid the affirmative duty to plead the capacity in which she sues the defendant; citing *Wells*); *Murray v. Ohio Adult Parole Auth.*, 916 F.2d 713, 1990 U.S. App. LEXIS 18358, at *4 (6th Cir. 1990) (order) (holding that state defendant, sued in his official capacity was immune from suit for monetary damages; citing *Wells* and *Will*); *Dickens v. Withrow*, 915 F.2d 1571, 1990 WL 153944, at *2 (6th Cir. 1990) (order) (holding that the defendant was not subject to suit for monetary damages under § 1983 where the plaintiff did not plead the capacity in which the defendants were sued; citing *Wells*); *Carter v. Jabe*, 915 F.2d 1570, 1990 U.S. App. LEXIS 18080, at *5 (6th Cir. 1990) (state defendants not liable for monetary damages because the plaintiff did not name the defendants in their individual capacity; citing *Will* and *Wells*); *Walton v. Dallman*, 915 F.2d 1574, 1990 WL 146915, at *1 (6th Cir. 1990) (order) (because the plaintiff characterized each official's conduct in terms of their official capacities, the plaintiff's claims for monetary relief were properly dismissed for lack of jurisdiction; citing *Will* and *Wells*); *Chandler v. Clark*, 914 F.2d 255, 1990 U.S. App. LEXIS 17005, at *2 (6th Cir. 1990) (order) (holding that the defendants were not subject to suit because the plaintiff sought to hold them liable in their official capacity for monetary damages under § 1983; citing *Will* and *Wells*); *Maniece v. Kentucky*, 914 F.2d 1494, 1990 WL 140568, at *1 (6th Cir. 1990) (order) (holding that damages suit against individual state defendant was barred, as he was named in his official capacity; citing *Wells*); *Leibowitz v. United States*, 914 F.2d 256, 1990 WL 126422, at *1 (6th Cir. 1990) (per curiam) (holding that where nothing on the face of the complaint suggested that the three employees had been sued other than in an official capacity, under *Wells* it was "clear that the complaint fail[ed] to make the requisite showing of jurisdiction with respect to these defendants"); *See v. Collins*, 911 F.2d 733, 1990 WL 120959, at *1 (6th Cir. 1990) (order) (same); *Hughes v. Avery*, 911 F.2d 732, 1990 WL 116530, at *1 (6th Cir. 1990) (order) (because the plaintiff did not plead the capacity in which the defendants were sued as required by *Wells,* the state defendant was sued in her official capacity and not subject to suit for monetary

employees were being sued personally; citing *Wells*); *Rodgers v. Brown*, 925 F.2d 1465, 1991 WL 16474, at *1 (6th Cir. 1991) (order) (§ 1983 damages action was properly dismissed because the plaintiff did not indicate that he intended to sue the state defendant in his individual capacity; citing *Will* and *Wells*); *Justice v. Brown*, 925 F.2d 1463, 1991 WL 16460, at *2 (6th Cir. 1991) (order) (same); *Buchanan v. Wilkinson*, 925 F.2d 1462, 1991 WL 16463, at *1 (6th Cir. 1991) (order) (same; citing *Wells* only); *El-Amin v. Brown*, 925 F.2d 1463, 1991 U.S. App. LEXIS 2162, at *3 (6th Cir. 1991) (order) (same; citing *Will* and *Wells*); *Favors v. Barnett*, 924 F.2d 1058, 1991 WL 15150, at *1 (6th Cir. 1991) (order) (same); *Moore v. Dahlberg*, 924 F.2d 1058, 1991 WL 11249, at *1 (6th Cir. 1991) (order) (noting that the plaintiff's claim for monetary relief is barred by the Eleventh Amendment because his complaint does not show that the defendants were sued as individuals rather than in their official capacity as state employees; citing *Wells*); *Bass v. Reynolds*, 920 F.2d 932, 1990 WL 201401, at *1 (6th Cir. 1990) (order) (suit was properly dismissed to extent the plaintiff sought damages, stating that "[e]ven pro se plaintiffs must specify that they are suing state officials in their individual capacities in order to avoid dismissal on this ground"; citing *Will* and *Wells*); *Gongolewski v. Lexington-Fayette Urban County Gov't*, 920 F.2d 932, 1990 WL 200378, at * 2 (6th Cir.1990) (per curiam) (noting that a court should examine a complaint's heading and body when determining the capacity in which a defendant is sued; holding that the complaint did not state claims against the individual defendants in their individual capacities, and that the plaintiff was not entitled to have individual capacity liability submitted to the jury; citing *Wells* and *Norman*); *Hughes v. Perry*, 918 F.2d 957, 1990 WL 180911, at *1 (6th Cir. 1990) (order) (holding that the plaintiff's claim lacked an arguable basis in law as immune under the Eleventh Amendment because the complaint did not allege that the state defendant was being sued personally, and under *Wells* it may be assumed that the defendant was sued in his official capacity only); *Bantu v. Coleman*, 918 F.2d 178, 1990 WL 177393, at *1 (6th Cir. 1990) (order) (same); *Musick v. Wigginton*, 916 F.2d 713, 1990 WL 155625, at *1-2

560879, at *1 (6th Cir. 1994) (order) (same); *Donald v. Mendel*, 30 F.3d 133, 1994 WL 276869, at *1 (6th Cir. 1994) (order) (same); *Kirk v. Griner*, 25 F.3d 1048, 1994 WL 198177, at *2 (6th Cir. 1994) (order) (same); *Meehan v. Pardue*, 23 F.3d 407, 1994 WL 163730, at *1 (6th Cir. 1994) (order) (same); *Prunty v. Wilson*, 19 F.3d 1434, 1994 WL 91844, at *1 (6th Cir. 1994) (order) (same); *Wilson v. Village of Cassopolis*, 16 F.3d 1224, 1994 WL 49565, at *1 (6th Cir. 1994) (order) (same); *Grote v. McGinnis*, 12 F.3d 212, 1993 WL 478851, at *1 (6th Cir. 1993) (order) (same); *Hitchcock v. Fowler*, 12 F.3d 212, 1993 WL 476990, at *1 (6th Cir. 1993) (order) (same); *Boswell v. Lundstrom*, 9 F.3d 106, 1993 WL 428155, at *1 (6th Cir. 1993) (order) (same); *Smith-El v. Jensen*, 4 F.3d 994, 1993 WL 326711, at *1 (6th Cir. 1993) (order) (same); *Hunt v. Reynolds(After Remand)*, 2 F.3d 1151, 1993 WL 309776, at *1 (6th Cir. 1993) (order) (same; holding in the alternative that, even if the plaintiff alleged an individual capacity suit, the district court properly found the defendants were entitled to qualified immunity); *Martin v. O'Dea*, 999 F.2d 540, 1993 WL 243836, at *1 (6th Cir. 1993) (order) (noting that the plaintiff did not allege capacity in which he sued the defendants and that under *Wells* the defendants are construed to be sued in their official capacities and therefore not subject to suit for money damages); *Woods v. Dahlberg*, 996 F.2d 1218, 1993 WL 241822, at *2 (6th Cir. 1993) (order) (same); *Taylor v. Mich. Dep't of Corrs.*, 996 F.2d 1217, 1993 WL 210884, at *1 (6th Cir. 1993) (order) (same); *McDonald-El v. Anthony*, 996 F.2d 1215, 1993 U.S. App. LEXIS 15341, at *2-3 (6th Cir. 1993) (order) (noting that the plaintiff's claims for damages against the state defendants in their official capacity are barred by the Eleventh Amendment, affirming district court's grant of summary judgment to defendants); *Carmen's East, Inc. v. Huggins*, 995 F.2d 1066, 1993 U.S. App. LEXIS 13093, at *1 (6th Cir. 1993) (Merritt, J.) (holding that *Wells* standard was met because the defendants were sued in their individual capacities); *Russell v. Potts*, 991 F.2d 796, 1993 WL 94033, at *1 (6th Cir. 1993) (order) (holding that the plaintiff's complaint failed to specify in what capacity he was suing the defendants; court was therefore required to assume that he

was suing the defendants in their official capacity; citing *Wells*); *Rich v. Brown*, 989 F.2d 500, 1993 U.S. App. LEXIS 6649, at *3 (6th Cir. 1993) (order) (noting that the state defendants were not subject to suit for monetary damages under § 1983, citing *Will* and *Wells*); *Staffney v. Robledo*, 985 F.2d 561, 1993 WL 20539, at *2 (6th Cir. 1993) (order) (holding that the defendants were sued in their official capacities as state employees because the complaint did not indicate that they were being sued personally, and were therefore immune from § 1983 damages, citing *Wells*); *Jones v. Calkins*, 985 F.2d 560, 1993 WL 20992, at *1 (6th Cir. 1993) (order) (same); *Frederick v. Tennessee*, 985 F.2d 559, 1993 WL 15157, at *1 (6th Cir. 1993) (order) (assuming as a matter of law that several defendants were served in their official capacity because the complaint did not indicate that they were being sued as individuals, and that they were therefore not "persons" subject to liability udner § 1983, citing *Wells*); *Wingard v. Smith*, 980 F.2d 732, 1992 WL 340939, at *1 (6th Cir. 1992) (order) (affirming district court's judgment for defendants because the defendants, in their official capacities, are not "persons" subject to suit for monetary damages under § 1983, citing *Will*; and noting that "[e]ven pro se plaintiffs must specify that they are suing state officials in their individual capacities in order to avoid dismissal on this ground"; citing *Wells*); *Simpson v. Hawley*, 959 F.2d 236, 1992 WL 70161, at *1 (6th Cir. 1992) (order) (same, on plaintiff's concession); *Kirk v. Negendank*, 959 F.2d 234, 1992 WL 64751, at *1 (6th Cir. 1992) (per curiam) (holding that the court lacked jurisdiction over the state defendant's appeal because the plaintiff's pleadings did not satisfy the *Wells* standard that individual capacity be specifically pled); *Peak v. Smith*, 959 F.2d 235, 1992 WL 60194, at *2 (6th Cir. 1992) (order) holding that the plaintiffs were barred from seeking monetary relief because the complaints did not indicate that the defendants were being sued personally, citing *Wells*); *Butts v. Yarborough*, 956 F.2d 268, 1992 U.S. App. LEXIS 3464, at *6 (6th Cir. 1992) (order) (holding that several defendants were not liable for monetary damages under § 1983 because they were named in their official capacities only, in contrast with other defendants

who were specifically sued in their individual and official capacities; citing *Wells*); *Swartz v. Hurt*, 954 F.2d 725, 1992 WL 21557, at *1 (6th Cir. 1992) (order) (holding that the defendants were sued in their official capacity because the complaint did not indicate that they were being sued personally, and as such, the defendant state employees were immune from damages under § 1983; citing *Wells*); *Fleetwood v. Brown*, 947 F.2d 944, 1991 WL 225559, at *1 (6th Cir. 1991) (order) (same); *Johnson v. Bently*, 945 F.2d 404, 1991 WL 191554, at *2 (6th Cir. 1991) (per curiam) (same, also noting that the court lacked jurisdiction over the plaintiff's damages claim); *Berryman v. Johnson*, 940 F.2d 658, 1991 WL 150808, at *1, 7-8 (6th Cir. 1991) (Nelson, J.) (*Wells* standard of clearly pleading individual capacity met because the complaint alleged that the defendants were sued in both their official capacities and their individual capacities); *Gentry v. Rollins*, 940 F.2d 659, 1991 U.S. App. LEXIS 17577, at *2 (6th Cir. 1991) (order) (holding that the plaintiff's claim for monetary damages against the defendants was barred under the Eleventh Amendment where the complaint merely alleged that the defendants acted "in their respective professional capacity"; citing *Will* and *Wells*); *Wilson v. Jabe*, 936 F.2d 574, 1991 WL 105762, at *1 (6th Cir. 1991) (order) (holding that the plaintiff's claims for monetary relief lacked an arguable basis in law because he failed to specify that state defendants were sued in their individual capacities; citing *Wells* and *Will*); *Boswell v. Toombs*, 936 F.2d 572, 1991 WL 105760, at *1 (6th Cir. 1991) (order) (same); *Gallagher v. Yeagley*, 933 F.2d 1008, 1991 WL 80707, at *1 (6th Cir. 1991) (order) (same); *Ambrose v. Brown*, 932 F.2d 967, 1991 WL 78805, at *1 (6th Cir. 1991) (order) (same); *Childs v. Koosed*, 928 F.2d 404, 1991 WL 33133, at *2 (6th Cir. 1991) (per curiam) (holding that because the plaintiff did not clearly notify the defendants that they could be personally liable for damages under § 1983, the suit was aginst the defendants' offices and thereby against the University; citing *Wells*); *Martin v. Whalen*, 927 F.2d 604, 1991 WL 23538, at *1 (6th Cir. 1991) (order) (holding that the plaintiff was barred from receiving a monetary judgment because the complaint did not indicate that the state