KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I would affirm the judgment of the district court, I respectfully dissent.
I. DALKE AND JONES
Dalke and Jones appeal the district court’s denial of summary judgment on the grounds of qualified immunity. At this stage of the litigation, Plaintiffs are not required to prove definitively that Dalke and Jones are not entitled to qualified immunity; they “must show only that a reasonable jury could ” reach this conclusion. Patterson v. Hudson Area Sch., 551 F.3d 438, 450 (6th Cir.2009). Thus, Dalke *622 and Jones bear the burden of demonstrating “that there is no genuine issue as to any material fact” with respect to the qualified immunity defense, and we must “draw[ ] all reasonable inferences in favor of the non-moving party” in deciding whether they have met this burden. Bishop v. Hackel, 636 F.3d 757, 765 (6th Cir.2011). The parties primarily dispute whether, as a matter of law, Dalke and Jones were deliberately indifferent to the student-on-student racial harassment suffered by Plaintiffs. I agree with the district court that, given the facts as pleaded by the Plaintiffs, a reasonable jury could conclude that Dalke and Jones were deliberately indifferent to the harassment at Port Huron Northern.
The standard for deliberate indifference “announced by the Supreme Court is a ‘clearly unreasonable response in light of the known circumstances.’ ” Vance v. Spencer Cnty. Pub. Sch. Dist., 231 F.3d 253, 260 (6th Cir.2000) (quoting Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)). In applying this standard, we have recognized that if an individual has “actual knowledge that [his or her] efforts to remediate [harassment] are ineffective,” yet “continues to use those same methods to no avail,” he or she can be deemed deliberately indifferent and, thus, not entitled to qualified immunity. Id. at 261; see also Williams v. Paint Valley Local Sch. Dist., 400 F.3d 360, 364 (6th Cir.2005). In a recent decision denying summary judgment to a defendant school district in a Title IX case,[7] Patterson v. Hudson Area Schools, 551 F.3d 438, 448 (6th Cir.2009), we held that when “a school district takes some action in response to known harassment, [but] further harassment continues, a jury is not precluded by law from finding that the school district’s response is clearly unreasonable.” Patterson recognized that when harassment is “severe and pervasive” and has “lasted for years,” if the response taken is inadequate “to deter other students from perpetuating the cycle of harassment ... a reasonable jury certainly could conclude” that “the school district’s standard and ineffective response to the known harassment became clearly unreasonable.” Id. at 447 (internal quotation marks omitted). Based on this precedent, I see no basis for concluding as a matter of law that Dalke and Jones are entitled to qualified immunity.
While it can be said that Dalke did more than his predecessor, who assertedly did nothing to address the student-on-student racial harassment occurring at Port Huron Northern, I do not agree with the majority’s characterization of Dalke’s efforts as “extensive,” “numerous,” and “varied.” In fact, Dalke took even less action than the school district in Patterson, where at least perpetrators were given effective reprimands that stopped them from engaging in future harassment. See id. at 448. Dalke’s actions, in contrast, consisted of half-hearted fruitless investigations and general reminders to the student body, which yielded no real results. In fact, the harassment not only continued under Dalke’s watch — it escalated. Given this escalation in combination with Dalke’s knowledge of the history of pervasive harassment at the school, a jury could find that Dalke’s efforts were clearly unreasonable. See id. at 450 (“[Bjecause [defendant] had knowledge that its methods for dealing with the overall student-on-student sexual harassment of DP were ineffective, but continued to employ only those methods, the [plaintiffs] have shown a genuine *623 issue of material fact as to the third part of the Davis test that is sufficient to defeat [defendant]^ motion for summary judgment.”).
I also conclude that there are genuine issues of material fact as to whether Jones’s response as superintendent was clearly unreasonable. As with Dalke, Jones was aware of the ongoing situation at Port Huron Northern from the beginning of his tenure and was in a position to ensure that it was properly addressed. However, Jones took only minimal and ineffective steps to counter the harassment and did nothing to adjust his approach when his efforts were unsuccessful. In fact, as alleged by Plaintiffs, Jones was unresponsive and hostile to requests for more effective responses. As with Dalke, given the history of harassment and its continued escalation and frequency, a reasonable jury could conclude that Jones’s actions were “clearly unreasonable in light of the known circumstances.” Id. at 450.
Accordingly, I would affirm the district court’s judgment holding that Dalke and Jones are not entitled to summary judgment on the grounds of qualified immunity.
II. SCHOOL BOARD
On appeal, Defendants argue for the first time that the individual school-board members are entitled to qualified immunity because, under Michigan law, the school board can act only as a collective entity and, therefore, its members cannot be held individually liable for its inaction. Because this argument was not made before the district court, I would hold that it is waived.
As the Supreme Court explained, “[wjhereas forfeiture is the failure to make the timely assertion of a right,” and therefore still subject to plain-error review, “waiver is the intentional relinquishment or abandonment of a known right” leaving no correctable error in its wake. United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). Qualified immunity is an affirmative defense and, therefore, is considered waived and abandoned if not affirmatively pleaded. Moore v. City of Harriman, 272 F.3d 769, 791-92 (6th Cir.2001) (en banc) (citing Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); see also Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir.1986) (“Since [qualified] immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense.”).
Under the waiver doctrine, this Circuit has declined to address the merits of an argument in support of a qualified-immunity defense “raised for the first time on appeal unless the party shows that refusal to consider the argument would result in a miscarriage of justice.” Perez v. Oakland Cnty., 466 F.3d 416, 430 (6th Cir.2006), cert. denied, 552 U.S. 823, 128 S.Ct. 166, 169 L.Ed.2d 33 (2007); see also Ruffino v. Sheahan, 218 F.3d 697 (7th Cir.2000) (holding that defendant waived argument that particular point of law “was not clearly established” where defendant failed to present that argument to the district court despite “raising] other arguments supporting [qualified] immunity”). Defendants do not address Plaintiffs’ arguments regarding waiver, let alone provide reasons why treating this argument as waived would “result in a miscarriage of justice.” See Perez, 466 F.3d at 430. Accordingly, it is not proper for this court to consider this argument or to reverse the district court’s denial of qualified immunity to the individual school-board members on this ground.
Accordingly, I would affirm the district court’s judgment holding that the school-board members are not entitled to sum *624 mary judgment on the grounds of qualified immunity.

. As the majority correctly recognizes, the Title IX deliberate-indifference standard is analogous to that applied by the Sixth Circuit in the Section 1983 context. See Williams, 400 F.3d at 369.